UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| BRIGHT CAPTURE LLC, § <br> § <br> Plaintiff, § <br> § <br> v. § <br> § <br> ZOHO CORPORATION, § <br> § <br> Defendant. § § § | Civil Action No. 6:22-CV-00048-ADA |

**DEFENDANT ZOHO CORPORATION'S ANSWER TO
COMPLAINT FOR PATENT INFRINGEMENT**

Defendant Zoho Corporation ("Zoho"), by and through its attorneys, hereby answers the Complaint for Patent Infringement ("Complaint") of Plaintiff Bright Capture LLC ("Bright Capture") as follows:

**COMPLAINT FOR PATENT INFRINGEMENT**

1.  The allegations set forth in Paragraph 1 of the Complaint appear to state a conclusion to which no response is required. To the extent a response is required, Zoho admits that Bright Capture purports to make allegations through its attorneys.

**PARTIES**

2.  Zoho lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 2 of the Complaint and on that basis denies them.

3.  Zoho admits that it is a corporation organized and existing under the laws of California. Zoho denies the remaining allegations set forth in Paragraph 3 of the Complaint.

## JURISDICTION

4. The allegations in Paragraph 4 of the Complaint appear to state legal conclusions to which no response is required. To the extent a response is required, Zoho admits that the Complaint purports to be an action for patent infringement arising under the patent laws of the United States, Title 35 of the United States Code.

5. Zoho admits that this Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

6. Zoho admits, for the purposes of this action only, that this Court may exercise personal jurisdiction over Zoho and that Zoho has done and continues to do business in this District. Zoho denies the remaining allegations in Paragraph 6 of the Complaint.

## VENUE

7. Zoho does not contest that venue may lie in this District for this case. However, Zoho denies that venue in this division of this District serves either the convenience of the parties and witnesses or the interests of justice within the meaning of 28 U.S.C. § 1404(a). Zoho further denies the remaining allegations of Paragraph 7 of the Complaint.

## PATENTS-IN-SUIT

8. Zoho lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 8 of the Complaint and on that basis denies them.

## THE '410 PATENT

9. Zoho admits that, on its face, the '410 patent is entitled, "Receipts scanner and financial organizer" and issued on August 14, 2018 from U.S. Patent Application No. 14/878,363, filed on October 8, 2015. Zoho further admits that Exhibit 1 to the Complaint purports to be a copy of the '410 patent. Zoho denies the remaining allegations in Paragraph 9 of the Complaint.

## THE '151 PATENT

10. Zoho admits that, on its face, the '151 patent is entitled, "Receipts scanner and financial organizer" and issued on October 22, 2019 from U.S. Patent Application No. 16/031,243, filed on July 10, 2018. Zoho further admits that Exhibit 2 to the Complaint purports to be a copy of the '151 patent. Zoho denies the remaining allegations in Paragraph 10 of the Complaint.

## THE '070 PATENT

11. Zoho admits that, on its face, the '070 patent is entitled, "Receipts scanner and financial organizer" and issued on April 8, 2014 from U.S. Patent Application No. 13/743,603, filed on January 17, 2013. Zoho further admits that Exhibit 3 to the Complaint purports to be a copy of the '070 patent. Zoho denies the remaining allegations in Paragraph 11 of the Complaint.

## COUNT 1: INFRINGEMENT OF THE '410 PATENT

12. Zoho incorporates by reference its above responses.

13. Zoho denies the allegations in Paragraph 13 of the Complaint.

14. Zoho denies the allegations in Paragraph 14 of the Complaint.

15. Zoho denies the allegations in Paragraph 15 of the Complaint.

16. Zoho denies the allegations in Paragraph 16 of the Complaint.

17. Zoho denies the allegations in Paragraph 17 of the Complaint.

18. Zoho admits that Exhibit 4 purports to be a copy of a claim chart relating to the '410 patent. Zoho denies the remaining allegations in Paragraph 18 of the Complaint.

19. Zoho admits that Exhibit 4 purports to be a copy of a claim chart relating to the '410 patent. Zoho denies the remaining allegations in Paragraph 19 of the Complaint.

20. Zoho denies the allegations in Paragraph 20 of the Complaint.

## COUNT 2: INFRINGEMENT OF THE '151 PATENT

21. Zoho incorporates by reference its above responses.

22. Zoho denies the allegations in Paragraph 22 of the Complaint.

23. Zoho denies the allegations in Paragraph 23 of the Complaint.

24. Zoho denies the allegations in Paragraph 24 of the Complaint.

25. Zoho denies the allegations in Paragraph 25 of the Complaint.

26. Zoho denies the allegations in Paragraph 26 of the Complaint.

27. Zoho admits that Exhibit 5 purports to be a copy of a claim chart relating to the '151 patent. Zoho denies the remaining allegations in Paragraph 27 of the Complaint.

28. Zoho admits that Exhibit 5 purports to be a copy of a claim chart relating to the '151 patent. Zoho denies the remaining allegations in Paragraph 28 of the Complaint.

29. Zoho denies the allegations in Paragraph 29 of the Complaint.

## COUNT 3: INFRINGEMENT OF THE '070 PATENT

30. Zoho incorporates by reference its above responses.

31. Zoho denies the allegations in Paragraph 31 of the Complaint.

32. Zoho denies the allegations in Paragraph 32 of the Complaint.

33. Zoho denies the allegations in Paragraph 33 of the Complaint.

34. Zoho denies the allegations in Paragraph 34 of the Complaint.

35. Zoho denies the allegations in Paragraph 35 of the Complaint.

36. Zoho admits that Exhibit 6 purports to be a copy of a claim chart relating to the '070 patent. Zoho denies the remaining allegations in Paragraph 36 of the Complaint.

37. Zoho admits that Exhibit 6 purports to be a copy of a claim chart relating to the '070 patent. Zoho denies the remaining allegations in Paragraph 37 of the Complaint.

38.     Zoho denies the allegations in Paragraph 38 of the Complaint.

## JURY DEMAND

The Complaint's Demand for Jury Trial requires no response from Zoho, but pursuant to Fed. R. Civ. P. 38 Zoho also demands a trial by jury on all issues so triable in this action.

## PRAYER FOR RELIEF

The Complaint's Prayer for Relief requires no response from Zoho, but to the extent one is required, Zoho denies that Bright Capture is entitled to the relief it seeks in sections A-I or any relief at all for the allegations made in its Complaint.

## GENERAL DENIAL

Zoho denies all allegations in the Complaint, express or implied, to which Zoho has not specifically admitted to in its Answer.

## AFFIRMATIVE DEFENSES

Zoho asserts the following defenses and affirmative defenses without assuming any burden of proof that rightfully should be on Bright Capture. In addition to the defenses described below, Zoho specifically reserves all rights to assert additional defenses as additional information becomes available. Furthermore, Zoho repeats and incorporates by reference each of its answers in the foregoing paragraphs as if fully set forth herein.

### First Defense (Non-Infringement)

Zoho has not infringed and does not infringe any valid or enforceable claim of the '410, '151, or '070 patents, either directly or indirectly, either literally or under the doctrine of equivalents.

### Second Defense (Invalidity)

The asserted claims of the '410, '151, and '070 patents are invalid for failure to meet the

requirements of one or more of 35 U.S.C. §§ 101, 102, 103, and/or 112.

### Third Defense (Limitation on Damages and Costs)

Bright Capture's claims for damages or costs, if any, are statutorily limited by 35 U.S.C. §§ 284, 285, 286, 287, and/or 288.

### Fourth Defense (Equitable Defenses)

Bright Capture's claims are barred, in whole or in part, by equitable doctrines, including the doctrines of waiver, acquiescence, unclean hands, equitable estoppel, inequitable conduct and/or other equitable doctrines.

### Fifth Defense (Extraterritoriality)

To the extent Bright Capture's claims are directed to acts occurring outside the United States, those claims are barred or limited by the doctrine of territoriality under 35 U.S.C. § 271, *et seq.*, including but not limited to § 271(a) and (c).

### Reservation of Additional Defenses

Zoho reserves any and all additional defenses under Title 35, or the rules, regulations, and law related thereto, the Federal Rules of Civil Procedure, the Rules of this Court, or otherwise in law or equity, now existing or later arising, as may be discovered.

### **PRAYER FOR RELIEF**

WHEREFORE, Zoho prays for the following relief and judgment:

1. That Bright Capture take nothing by way of its Complaint and the same be dismissed with prejudice;

2. That the Court enters a judgment declaring that Zoho has not infringed and does not infringe the '410, '151, and '070 patents;

3. That the Court enters a judgment declaring that the claims of the '410, '151, and

'070 patents are invalid;

4. That all damages, costs, expenses, attorneys' fees, prejudgment and/or post judgment interest, and other relief sought by Bright Capture be denied; and

5. That this case be declared exceptional pursuant to 35 U.S.C. § 285 and attorneys' fees and costs incurred in this action be awarded to Zoho; and that the Court award Zoho all other relief that the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Zoho demands a trial by jury of all issues so triable in this action.

Dated: April 22, 2022

/s/ Ryan J. Marton
Ryan J. Marton (Admitted *Pro Hac Vice*)
ryan@martonribera.com
Carolyn Chang (Admitted *Pro Hac Vice*)
carolyn@martonribera.com
Phillip Haack (Admitted *Pro Hac Vice*)
phaack@martonribera.com
**MARTON RIBERA SCHUMANN
& CHANG LLP**
548 Market St., Suite 36117
San Francisco, CA 94104
Telephone: (415) 360-2515

Darryl Adams
Texas State Bar No. 00796101
dadams@sgbfirm.com
**SLAYDEN GRUBERT BEARD PLLC**
401 Congress Ave., Ste. 1650
Austin, Texas 78701
Telephone: (512) 402-3550
Facsimile: (512) 402-6865

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing is being served on the counsel of record via the CM/ECF system on April 22, 2022.

*/s/ Ryan J. Marton*
Ryan J. Marton
