EXHIBIT B



Uɴɪᴛᴇᴅ Sᴛᴀᴛᴇs Pᴀᴛᴇɴᴛ ᴀɴᴅ Tʀᴀᴅᴇᴍᴀʀᴋ Oꜰꜰɪᴄᴇ

**UNITED STATES DEPARTMENT OF COMMERCE**
**United States Patent and Trademark Office**
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 10/054,390 | 01/24/2002 | Radha K. C. Pandipati | RKP-5521 | 8442 |

24956        7590        11/03/2009
MATTINGLY & MALUR, P.C.
1800 DIAGONAL ROAD
SUITE 370
ALEXANDRIA, VA 22314

| EXAMINER |
|---|
| WORKU, NEGUSSIE |

| ART UNIT | PAPER NUMBER |
|---|---|
| 2625 | |

| MAIL DATE | DELIVERY MODE |
|---|---|
| 11/03/2009 | PAPER |

**Please find below and/or attached an Office communication concerning this application or proceeding.**

The time period for reply, if any, is set in the attached communication.

UNITED STATES PATENT AND TRADEMARK OFFICE
_____

BEFORE THE BOARD OF PATENT APPEALS
AND INTERFERENCES
_____

*Ex parte* RADHA K.C. PANDIPATI
_____

Appeal 2009-002567
Application 10/054,390
Technology Center 2600
_____

Decided: November 3, 2009
_____

Before ROBERT E. NAPPI, MARC S. HOFF, and
CARLA M. KRIVAK, *Administrative Patent Judges.*

NAPPI, *Administrative Patent Judge.*

DECISION ON APPEAL

Appeal 2009-002567
Application 10/054,390

This is a decision on appeal under 35 U.S.C. § 134(a) of the final rejection of claims 1-11 and 13-21.[1]  We have jurisdiction under 35 U.S.C. § 6(b).

We affirm-in-part the Examiner's rejection of these claims.


INVENTION

The invention is directed to method and apparatus that scans various receipts, extracts the information contained in the receipts, and organizes the information so that it can be viewed in various formats.  *See* Spec. 2.  Claim 1 is representative of the invention and reproduced below:

> 1.  An apparatus which manages and organizes expense information, comprising:
>     a scanner to scan various types of receipts, each said receipt containing expense information printed thereon, said scanner scanning each said receipt to obtain scanned information for each receipt; and
>     a computer in communication with the scanner, said computer executing a software which receives said scanned information for each receipt and which processes the scanned information including numerical data in the receipt to obtain said expense information from said scanned information;
>     wherein said expense information for each receipt is categorized into one or more predetermined categories to obtain categorized information for each receipt;
>     wherein said categorized information for each receipt is combined with categorized information for other said receipts to produce and display report information for one or more of said predetermined categories.

_____

[1] Claim 12 was cancelled in the Request for Continued Examination, filed October 13, 2006.

Appeal 2009-002567
Application 10/054,390

## REFERENCE

Ching                    US 6,533,168 B1                    Mar. 18, 2003
                                                            (filed May 26, 2000)

## REJECTIONS AT ISSUE

The Examiner rejected claims 1-11 and 13-21 under 35 U.S.C. § 102(e) as being anticipated by Ching.  Ans. 3-11.

## ISSUES

*Rejection of claims 1-11 and 13-21 under 35 U.S.C. § 102(e) as being anticipated by Ching*

### *Claim 1*

Appellant argues on pages 10-12 of the Appeal Brief and pages 5-7 of the Reply Brief that the Examiner's rejection of claim 1 is in error. Appellant argues that Ching does not teach scanning various types of receipts or processing numerical data from the scanned receipts.  App. Br. 10; Reply Br. 5.

Thus, with respect to claim 1 Appellant's contentions present us with two issues.  (1) Has Appellant shown that the Examiner erred in finding that Ching discloses scanning various types of receipts?  (2) Has Appellant shown that the Examiner erred in finding that Ching discloses processing numerical data that is received from the scanned receipts?

### *Claim 4*

Appellant argues on pages 14-15 of the Appeal Brief and page 9 of the Reply Brief that the Examiner's rejection of claim 4 is in error.

Appeal 2009-002567
Application 10/054,390

Appellant argues that Ching teaches a receipt with a predefined format, rather than a receipt of any format.  App. Br. 15.

Thus, with respect to claim 4 Appellant's contentions present us with the issue: has Appellant shown that the Examiner erred in finding that Ching discloses a receipt that does not require a particular format?

## Claim 8

Appellant argues on pages 16-17 of the Appeal Brief and page 9 of the Reply Brief that the Examiner's rejection of claim 8 is in error. Appellant reasons that claim 8 is allowable based upon its dependency on claim 1.  Reply Br. 9.  Appellant additionally argues that Ching does not teach saving the scanned information in Quicken Interchange Format.  App. Br. 16-17.

Thus, with respect to claim 8 Appellant's contentions present us with the same issues as claim 1 and the additional issue: has Appellant shown that the Examiner erred in finding that Ching discloses saving the scanned information in Quicken Interchange Format?

## Claim 13

Appellant argues on pages 6-9 of the Appeal Brief and pages 4-5 of the Reply Brief that the Examiner's rejection of claim 13 is in error.  Claim 13 contains similar limitations to claims 1 and 4.  Appellant presents the same issues discussed with respect to claims 1 and 4.  App. Br. 6-9; Reply Br. 4-5.  Thus, with respect to claim 13 Appellant's contentions present us with the same issues as claims 1 and 4.

Appeal 2009-002567
Application 10/054,390

*Claims 2, 3, 5, 6, 7, 9-11, 15, and 17-21*

Appellant argues on pages 14-20 of the Appeal Brief and pages 7-9 of the Reply Brief that the Examiner's rejection of claims 2, 3, 5, 6, 7, 9-11, 15, and 17-21 is in error.  Appellant reasons that claims 2, 3, 5, 6, 7, 9-11, 15, and 17-21 are allowable based upon their dependency on claims 1, 14, and 18.  App. Br. 14-20; Reply Br. 7-9.  Thus, Appellant's arguments with respect to the Examiner's rejection of claims 2, 3, 5, 6, 7, 9-11, 15, and 17-21 present us with the same issues as claim 1, 13, and 18.

*Claim 14*

Appellant argues on pages 17-18 of the Appeal Brief and page 9 of the Reply Brief that the Examiner's rejection of claim 14 is in error.  Claim 14 is dependent upon claim 13 and contains similar limitations to claims 4 and 13.  Appellant presents the same issues with respect to claims 4 and 13.  App. Br. 18; Reply Br. 9.  Thus, with respect to claim 14 Appellant's contentions present us with the same issues as claims 4 and 13.

*Claim 16*

Appellant argues on pages 18-19 of the Appeal Brief and page 9 of the Reply Brief that the Examiner's rejection of claim 16 is in error.  Claim 16 is dependent upon claim 13 and contains similar limitations to claim 8.  Appellant presents the same issues with respect to claims 8 and 13.  App. Br. 16-17; Reply Br. 9.  Thus, with respect to claim 16 Appellant's contentions present us with the same issues as claims 8 and 13.

Appeal 2009-002567
Application 10/054,390

FINDINGS OF FACT

*Ching*

1. Ching discloses a method and apparatus for encoding transaction data from vendor point of sale transaction registers into a dataform, printing the dataform directly onto a receipt, and providing the receipt to a purchaser. The purchaser may, at a later time or location read, decode, and manipulate the data contained in the dataform. Col. 1, ll. 14-19, col. 3, ll. 35-37 and 49-50.

2. The system includes a cash register 101, an optical scanning device 123, and a printer 102. The scanning device 123 and the printer 102 are connected by a serial connection 121 to the cash register 101. The cash register 101 includes random access memory (RAM) 104, read only memory (ROM), a microprocessor 105, a keyboard 111, a display 112, a cash drawer 113, a card swipe reader 122, and input-output data ports (I/O ports) 110. Col. 6, ll. 24-51 and Figs. 1*a* and 1*b*.

3. When a transaction occurs, a vendor enters transaction information according to categories such as: "Unit Price; Subtotal Price; Sales Tax; Total Price; Card Number; Expiration Date; Authorization Code; Vendor Name; Vendor Address; Vendor Telephone Number; Transaction Date; Transaction Time and Vendor Database Record Locator." The data is characterized by the order the data is entered or by a user prompt. The transaction information is stored in temporary locations in the RAM 104 that corresponds to its associated characterization category. A transaction dataset is created by combining the characterization information with the transaction

6

Appeal 2009-002567
Application 10/054,390

> information and is stored in the RAM 104.  The microprocessor 105
> then executes software to encode the transaction dataset into a
> dataform pattern 108.  Col. 7, ll. 12-48 and Figs. 1*a* and 1*b*.

4. There are numerous dataform encodings known in the art.  Col. 7, ll.
   49-60.

5. The microprocessor 105 executes a printing instruction to print a
   dataform pattern 108, a human readable version of the transaction data
   107, and an attention symbol 119 and endsearch symbol 120 onto a
   receipt 109.  An exemplary layout for the receipt is shown in Ching's
   Fig. 3.  Col. 7, l. 62 through col. 8, l. 2, col. 10, l. 56, and Figs. 1*a* and
   3.

6. Ching also discloses a method and apparatus for reading dataforms
   and other data from a receipt.  The apparatus includes a scanning
   device 103 connected to a data processing device 202.  Col. 8, ll. 62-
   64 and Fig. 2.

7. The receipt 109 is inserted into the scanning device 103 and scanning
   begins.  The attention symbol 119 located above the dataform 108
   cues the scanner 103 as to the presence of the dataform 108.
   Likewise, the endsearch symbol 120 cues the scanner 103 as to the
   end of the dataform 108.  Col. 9, ll. 28-29, col. 10, ll. 12-25, and Fig.
   2.

8. After the dataform 108 is scanned the dataform 108 pattern is
   identified and decoded in order to determine the transaction data and
   characterization information.  The data is then stored.  Col. 9, l. 64
   through col. 10, l. 11 and Fig. 2.

Appeal 2009-002567
Application 10/054,390

9. After the data is stored, it can be accessed by various software applications. Examples of the type of software that can access the transaction data are "spreadsheet software, formatting/translation software for exporting the transaction data for processing by other software, and report generation software for creating human readable expense reports for corporate expense reporting uses." Col. 13, ll. 45-63.

PRINCIPLES OF LAW

Office personnel must rely on Appellant's disclosure to properly determine the meaning of the terms used in the claims. *Markman v. Westview Instruments, Inc.*, 52 F.3d 967, 980 (Fed. Cir. 1995) (en banc). "[I]nterpreting what is *meant* by a word *in* a claim 'is not to be confused with adding an extraneous limitation appearing in the specification, which is improper.'" *In re Cruciferous Sprout Litigation,* 301 F.3d 1343, 1348 (Fed. Cir. 2002) (internal quotation marks and citations omitted; emphasis in original).

ANALYSIS

*Rejection of claims 1-11 and 13-21 under 35 U.S.C. § 102(e) as being anticipated by Ching*

*Claim 1*

Appellant's contentions have not persuaded us that the Examiner's rejection of claim 1 is in error. Independent claim 1 recites "a scanner to scan various types of receipts…and a computer…[that] processes the scanned information including numerical data in the receipt to obtain said

8

Appeal 2009-002567
Application 10/054,390

expense information."  Appellant's Specification does not specifically define "various types of receipts" but states, on page 5, that the bills can be either "grocery receipts, various purchase receipts, credit card bills, bank statements, etc."  However, in the Appeal Brief, Appellant contends that the claim limitation "various types of receipts" should be interpreted to mean receipts with different types of formats (i.e., "Ching fails to teach these limitations of claim 1 because the receipt 109 of Ching is required to have the exact format.").  App. Br. 11.  We do not import this limitation into the claims as there is no support within the Specification or the claim itself that requires the method and system to work with any receipt of any format.  As a result, we interpret the claim limitation "various types of receipts" as receipts from a variety of different vendors.

Appellant argues that Ching only teaches one type of receipt, i.e., a specialized receipt having a predetermined format.  App. Br. 11.  As a result, Appellant argues that Ching does not teach "various types of receipts."  App. Br. 8.  However, based upon the claim interpretation described *supra*, even if Ching only taught a specialized receipt having a predetermined format, as long as Ching teaches a scanner that scans receipts from a variety of different vendors the claim limitation is met.

Ching discloses a method and system that is used for any type of vendor point of sale transaction.  FF 1.  Therefore, there is nothing in the reference that prohibits the system from being used with grocery receipts, various purchase receipts, etc., since each of these examples are point-of-sale transactions.  As a result, Appellant's argument is not found to be persuasive.

9

Appeal 2009-002567
Application 10/054,390

Appellant also argues that Ching does not disclose processing the scanned information, which includes numerical data, to obtain expense information.  App. Br. 10; Reply Br. 6.  Appellant argues that the portion of the reference cited by the Examiner describes the creation of the receipt and not the scanning of the receipt.  Reply Br. 6.  The portion of the reference cited by the Examiner does disclose the creation of the receipt.  However, that same information is used to create the transaction data that is encoded into the dataform encoding symbologies.  FF 3.  Then, when the receipt is scanned, the dataform is read, the particular type of dataform is determined, and the dataform is decoded.  FF 8.  Upon decoding, the transaction data and the transaction characterization information is received and stored.  FF 8.  The transaction data and transaction characterization information comprises: "Unit Price; Subtotal Price; Sales Tax; Total Price; Card Number; Expiration Date; Authorization Code; Vendor Name; Vendor Address; Vendor Telephone Number; Transaction Date; Transaction Time and Vendor Database Record Locator."  FF 3.  Since this information is all indicative of numerical data and expense information, Ching does teach that the scanned information includes numerical data, and Appellant's arguments are not found to be persuasive.

Therefore, for the reasons stated above, we sustain the Examiner's rejection of claim 1.

*Claim 4*

Appellant's arguments have persuaded us of error in the Examiner's rejection of claim 4.  Claim 4 recites an "apparatus is configured to process receipts of no predefined format."  Appellant argues that the receipt taught in Ching requires an attention symbol and an endsearch symbol in order to scan

Appeal 2009-002567
Application 10/054,390

the dataform.  App. Br. 14.  As a result, Appellant argues that the receipt has
a predefined format.  App. Br. 14.  We agree with Appellant.

While we found above that various types of receipts include receipts
from a variety of different vendors, claim 4 further modifies claim 1 by
requiring that the receipts not contain a predefined format.  Ching requires
that an attention symbol and an endsearch symbol be present on the receipt
to be processed by the scanner.  FF 5.  Thus, the receipt must contain a
specific format in order for the transaction data to be read and processed.  As
a result, we find do not find that Ching teaches all of the limitations of claim
4 and we will not sustain the Examiner's rejection of claim 4.

*Claim 8*

Appellant's arguments have not persuaded us of error in the
Examiner's rejection of claim 8.  Claim 8 ultimately depends upon claim 1.
Appellant's arguments present the same issues discussed with respect to
claim 1 (App. Br. 16-17; Reply Br. 9).  Therefore, we sustain the Examiner's
rejection of claim 8 for the reasons discussed *supra* with respect to claim 1.
In addition, Appellant argues that Ching does not teach saving the scanned
information in Quicken Interchange Format.  App. Br. 16-17.  Claim 8
recites "the apparatus is configured to save the expense information
processed from the scanned receipts in Quicken Interchange Format, thereby
allowing the expense information obtained from the scanned information to
be imported by a financial management program."  Appellant's
Specification does not provide a specific definition for Quicken Interchange
Format but makes reference that it is a format that is used to create human
readable expense reports in programs like Quicken, Money, etc.  Spec. 5-6.

Appeal 2009-002567
Application 10/054,390

Therefore, we find that Quicken Interchange Format is nothing more than a format that is used to create human readable expense reports.

Ching's system contains software that decodes the dataform and matches the data to characterizations made by the purchaser and/or vendor. FF 8. After the transaction data is stored it can be accessed by various software applications such as "spreadsheet software, formatting/translation software for exporting the transaction data for processing by other software, and report generation software for creating human readable expense reports for corporate expense reporting uses." FF 9. Therefore, since Ching discloses that the data is available for creating human readable expense reports, the claim limitation is met. As a result, we sustain the Examiner's rejection of claim 8.

## Claim 13

Appellant's arguments have persuaded us of error in the Examiner's rejection of claim 13. Claim 13 contains similar limitations to claim 4. Appellant's arguments present the same issues discussed with respect to claim 4. App. Br. 6-9; Reply Br. 4-5. Therefore, we will not sustain the Examiner's rejection of claim 13 for the reasons discussed *supra* with respect to claim 4.

## Claims 2, 3, 5, 6, 7, 9-11, and 18-21

Appellant's arguments have not persuaded us of error in the Examiner's rejection of claims 2, 3, 5, 6, 7, 9-11, and 15-21. Claims 2, 3, 5, 6, 7, 9-11, ultimately depend upon claim 1 and as such, include the same

Appeal 2009-002567
Application 10/054,390

limitations discussed *supra* with respect to claim 1. Claims 15-17 ultimately depend upon claim 13 and as such, include the same limitations discussed *supra* with respect to claim 13. Claim 18 contains similar limitations to claim 1 and claims 19-21 ultimately depend upon claim 18. Appellant's arguments present the same issues discussed with respect to claim 1 (App. Br. 14-17; Reply Br. 9), claim 13 (App. Br. 18-19; Reply Br. 9), and claim 18 (App. Br. 12-14; Reply Br. 7-8). Therefore, we sustain the Examiner's rejection of claims 2, 3, 5, 6, 7, 9-11, and 15-21 for the reasons discussed *supra* with respect to claims 1, 13, and 18 (respectively).

### *Claims 14-17*

Appellant's arguments have persuaded us of error in the Examiner's rejection of claims 14-17. Appellant's arguments that the rejection of these claims is in error for the reasons discussed with respect to claim 13 is persuasive for the reasons discussed *supra* with respect to claim 13. Claims 14-17 ultimately depend upon claim 13. Therefore, we will not sustain the Examiner's rejection of claims 14-17.

### CONCLUSIONS OF LAW

Appellant has not shown that the Examiner erred in finding that Ching discloses scanning various types of receipts.

Appellant has not shown that the Examiner erred in finding that Ching discloses processing numerical data that is received from the scanned receipts.

Appellant has shown that the Examiner erred in finding that Ching discloses a receipt that does not require a particular format.

Appeal 2009-002567
Application 10/054,390

Appellant has not shown that the Examiner erred in finding that Ching discloses saving the scanned information in Quicken Interchange Format.

## SUMMARY

The Examiner's decision to reject claims 1-3, 5-11, and 18-21 under 35 U.S.C. § 102(e) is affirmed.

The Examiner's decision to reject claims 4 and 13-17 under 35 U.S.C. § 102(e) is reversed.

The decision of the Examiner is affirmed-in-part.

No time period for taking any subsequent action in connection with this appeal may be extended under 37 C.F.R. § 1.136 (a)(1)(iv).

## AFFIRMED-IN-PART

ELD

MATTINGLY, STANGER, MALUR & BRUNDIDGE, P.C.
1800 DIAGONAL ROAD
SUITE 370
ALEXANDRIA, VA 22314