EXHIBIT C



UNITED STATES PATENT AND TRADEMARK OFFICE

UNITED STATES DEPARTMENT OF COMMERCE
United States Patent and Trademark Office
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 10/054,390 | 01/24/2002 | Radha K. C. Pandipati | | 8442 |

7590   09/09/2005

Radha K. C. Pandipati
Kris Engineering Inc
19531 Desmet Place
Montgomery Village, MD  20886

| EXAMINER |
|---|
| WORKU, NEGUSSIE |

| ART UNIT | PAPER NUMBER |
|---|---|
| 2626 | |

DATE MAILED: 09/09/2005

Please find below and/or attached an Office communication concerning this application or proceeding.

PTO-90C (Rev. 10/03)

| Office Action Summary | Application No. | Applicant(s) |
|---|---|---|
| | 10/054,390 | PANDIPATI, RADHA K. C. |
| | Examiner | Art Unit |
| | Negussie Worku | 2626 |

-- The MAILING DATE of this communication appears on the cover sheet with the correspondence address --

## Period for Reply

**A SHORTENED STATUTORY PERIOD FOR REPLY IS SET TO EXPIRE _3_ MONTH(S) FROM THE MAILING DATE OF THIS COMMUNICATION.**
- Extensions of time may be available under the provisions of 37 CFR 1.136(a). In no event, however, may a reply be timely filed after SIX (6) MONTHS from the mailing date of this communication.
- If the period for reply specified above is less than thirty (30) days, a reply within the statutory minimum of thirty (30) days will be considered timely.
- If NO period for reply is specified above, the maximum statutory period will apply and will expire SIX (6) MONTHS from the mailing date of this communication.
- Failure to reply within the set or extended period for reply will, by statute, cause the application to become ABANDONED (35 U.S.C. § 133).
- Any reply received by the Office later than three months after the mailing date of this communication, even if timely filed, may reduce any earned patent term adjustment. See 37 CFR 1.704(b).

## Status

1) ☒ Responsive to communication(s) filed on _24 January 2002_.
2a) ☐ This action is **FINAL**.    2b) ☒ This action is non-final.
3) ☐ Since this application is in condition for allowance except for formal matters, prosecution as to the merits is closed in accordance with the practice under *Ex parte Quayle*, 1935 C.D. 11, 453 O.G. 213.

## Disposition of Claims

4) ☒ Claim(s) _1-11_ is/are pending in the application.
   4a) Of the above claim(s) _____ is/are withdrawn from consideration.
5) ☐ Claim(s) _____ is/are allowed.
6) ☒ Claim(s) _1-11_ is/are rejected.
7) ☐ Claim(s) _____ is/are objected to.
8) ☐ Claim(s) _____ are subject to restriction and/or election requirement.

## Application Papers

9) ☐ The specification is objected to by the Examiner.
10) ☒ The drawing(s) filed on _24 January 2002_ is/are: a) ☐ accepted or b) ☒ objected to by the Examiner.
   Applicant may not request that an objection to the drawing(s) be held in abeyance. See 37 CFR 1.85(a).
   Replacement drawing sheet(s) including the correction is required if the drawing(s) is objected to. See 37 CFR 1.121(d).
11) ☐ The oath or declaration is objected to by the Examiner. Note the attached Office Action or form PTO-152.

## Priority under 35 U.S.C. § 119

12) ☐ Acknowledgment is made of a claim for foreign priority under 35 U.S.C. § 119(a)-(d) or (f).
   a) ☐ All  b) ☐ Some * c) ☐ None of:
   1. ☐ Certified copies of the priority documents have been received.
   2. ☐ Certified copies of the priority documents have been received in Application No. _____.
   3. ☐ Copies of the certified copies of the priority documents have been received in this National Stage application from the International Bureau (PCT Rule 17.2(a)).
   * See the attached detailed Office action for a list of the certified copies not received.

**Attachment(s)**
1) ☒ Notice of References Cited (PTO-892)
2) ☐ Notice of Draftsperson's Patent Drawing Review (PTO-948)
3) ☐ Information Disclosure Statement(s) (PTO-1449 or PTO/SB/08) Paper No(s)/Mail Date _____.
4) ☐ Interview Summary (PTO-413) Paper No(s)/Mail Date. _____.
5) ☐ Notice of Informal Patent Application (PTO-152)
6) ☐ Other: _____.

U.S. Patent and Trademark Office
PTOL-326 (Rev. 1-04)      Office Action Summary      Part of Paper No./Mail Date 20050808

Application/Control Number: 10/054,390                        Page 2
Art Unit: 2626

## DETAILED ACTION

### Objection to the Drawings

1.      The drawings are objected to under 37 CFR 1.83(a). The drawings must show every feature of the invention specified in the claims. Therefore, the claimed subject matter of claims 1-11 must be shown or the feature(s) canceled from the claim(s). No new matter should be entered.

       The drawings are objected to under 37 CFR 1.83(a) because they fail to show the claimed elements and subject matter as described in the specification. Any structural detail that is essential for a proper understanding of the disclosed invention should be shown in the drawing. MPEP § 608.02(d). Corrected drawing sheets in compliance with 37 CFR 1.121(d) are required in reply to the Office action to avoid abandonment of the application.

### Claims Objections

2.      Claims 1-11 are objected to because of the following informalities: At the end of claims 1, 2, 3-9 improper informalities such as ": " and "; " have been indicated and appropriate correction is required.

### Claim Rejections - 35 USC § 103

3.      The following is a quotation of 35 U.S.C. 103(a) which forms the basis for all obviousness rejections set forth in this Office action:

Application/Control Number: 10/054,390 Page 3
Art Unit: 2626

> (a) A patent may not be obtained though the invention is not identically disclosed or described as set forth in section 102 of this title, if the differences between the subject matter sought to be patented and the prior art are such that the subject matter as a whole would have been obvious at the time the invention was made to a person having ordinary skill in the art to which said subject matter pertains. Patentability shall not be negatived by the manner in which the invention was made.

4. Claims 1-11 are rejected under 35 U.S.C. 103(a) as being unpatentable over Hu et al. (USP 6,459,506) in view of Iwaguchi et al. (USP 2002/0062292).

Regarding claim 1, Hu et al. discloses an apparatus (shown in fig 3-5), to scan bills (document 320 of fig 3) with unique software, which automatically organizes all the information from the scanned bills (scanned document).

Hu does not teach or disclose software, which automatically organizes all the information from the scanned bills (document).

Iwaguchi et al. In the same area of document scanning and processing teaches or disclose a software (a house hold budget software 40 on the personal computer 4 of fig 2), which automatically organizes all the information from the scanned bills (document), col.3, paragraph 0061, lines 1-5).

Therefore, it would have been obvious to a person with ordinary skill in the art at the time the invention was made to have modified the scanning and processing apparatus of Hu et al. to include: a software which automatically organizes all the information from the scanned bills (document).

It would have been obvious to a person with ordinary skill in the art at the time the invention was made to have modified document scanning and processing device of Hu et al. by the teaching of Iwaguchi et al. for the purpose of providing a good purchase

information processing method and system for automatic entry of product purchase information into an accounting system.

Regarding claim 2, Hu et al. teaches an apparatus (as shown in fig 3 and 4), where the scanner (300 of fig 1) is connected to a computer (computer 302 of fig 1) through a USB port (USB interface 316 of fig 3) or pass thru parallel, col.4, lines 52-65).

Hu et al. does not teach or disclose the unique software program loaded into the program.

Iwaguchi et al. In the same area of document scanning and processing teaches or disclose a software program (a house hold budget software 40 on the personal computer 4 of fig 2), loaded into the program (document), col.3, paragraph 0061, lines 1-5).

Therefore, it would have been obvious to a person with ordinary skill in the art at the time the invention was made to have modified the scanning and processing apparatus of Hu et al. to include: the unique software program loaded into the program.

It would have been obvious to a person with ordinary skill in the art at the time the invention was made to have modified document scanning and processing device of Hu et al. by the teaching of Iwaguchi et al. for the purpose of providing a good purchase information processing method and system for automatic entry of product purchase information into an accounting system.

Regarding claim 3, Hu discloses an apparatus (fig 3), where as the bills

Application/Control Number: 10/054,390                                                                                           Page 5
Art Unit: 2626

(documents or information are being scanned by scanner 300) are being scanned all the information from the scanned bills is automatically entered into the computer documents or information are being scanned by scanner 300 entered into the computer 302 of fig 1).

Regarding claim 4, Hu et al. does not disclose discloses an apparatus (shown in fig 3-5), wherein the unique software program process all the information and organize it.

Iwaguchi et al. In the same area of document scanning and processing teaches or disclose wherein the unique software program process all the information and organize it, (a house hold budget software 40 on the personal computer 4 of fig 2, col.3, paragraph 0061, lines 1-5).

Therefore, it would have been obvious to a person with ordinary skill in the art at the time the invention was made to have modified the scanning and processing apparatus of Hu et al. to include: wherein the unique software program process all the information and organize it.

It would have been obvious to a person with ordinary skill in the art at the time the invention was made to have modified document scanning and processing device of Hu et al. by the teaching of Iwaguchi et al. for the purpose of providing a good purchase information processing method and system for automatic entry of product purchase information into an accounting system.

Regarding claim 5, Hu et al. discloses an apparatus (fig 3), wherein the organized

data can be viewed as tabular form or pie-chart form, (data scanned and entered to the computer 302 of fig 3, can be viewed on the display monitor of computer 302 of fig 3).

Regarding claim 6, Hu et al. does not disclose an apparatus wherein the tabular data formats include income-expense reports, expenses versus planned budget, and list of all expenses grouped under various categories.

Iwaguchi et al. In the same area of document scanning and processing teaches or disclose an apparatus wherein the tabular data formats include income-expense reports, expenses versus planned budget, and list of all expenses grouped under various categories, (a house hold budget software 40 on the personal computer 4 of fig 2, col.3, paragraph 0061, lines 1-5).

Therefore, it would have been obvious to a person with ordinary skill in the art at the time the invention was made to have modified the scanning and processing apparatus of Hu et al. to include: an apparatus wherein the tabular data formats include income-expense reports, expenses versus planned budget, and list of all expenses grouped under various categories.

It would have been obvious to a person with ordinary skill in the art at the time the invention was made to have modified document scanning and processing device of Hu et al. by the teaching of Iwaguchi et al. for the purpose of providing a good purchase information processing method and system for automatic entry of product purchase information into an accounting system.

Regarding claim 7, Hu et al. discloses an apparatus (fig 3), wherein the apparatus allows editing the information from the scanned bills (scanned document and entered to the PC 302 of fig 3, can be edited).

Regarding to claim 8, Hu et al. discloses apparatus (fig 1-4), wherein the apparatus automatically saves the information scanned from the bills in the Quicken Interchange Format, allowing it to be imported by any financial management program like Quicken, Money, etc, (document or the information scanned by scanner 300 of fig 3, automatically entered and saved to computer (PC) 302 of fig 3, and imported for different purpose).

Regarding to claim 9, Hu et al. teaches an apparatus (fig 3-4), wherein each scanned bill will be turned into an individual transaction, (document scanned and entered to computer and can be managed as individual transaction);

Regarding to claim 10, Hu et al. teaches an apparatus (fig 3-4), wherein the multiple items in the bill will be used to create a "split" transaction with proper customizable categories, (plurality of scanned document can be treated and given a customized file by the software the handling the file).

Application/Control Number: 10/054,390   Page 8
Art Unit: 2626

Regarding to claim 11, Hu et al. does not teach, wherein the software allows for record keeping, budgeting and reconciliation.

Iwaguchi et al. In the same area of document scanning and processing teaches or disclose a software (a house hold budget software 40 on the personal computer 4 of fig 2), which allows for record keeping and budgeting and reconciliation, col.3, paragraph 0061, lines 1-5).

Therefore, it would have been obvious to a person with ordinary skill in the art at the time the invention was made to have modified the scanning and processing apparatus of Hu et al. to include: software allows for record keeping, budgeting and reconciliation.

It would have been obvious to a person with ordinary skill in the art at the time the invention was made to have modified document scanning and processing device of Hu et al. by the teaching of Iwaguchi et al. for the purpose of providing a good purchase information processing method and system for automatic entry of product purchase information into an accounting system.

5.   Any inquiry concerning this communication or earlier communications from the examiner should be directed to Negussie Worku whose telephone number is 571-272-7472. The examiner can normally be reached on 9am-6pm.

If attempts to reach the examiner by telephone are unsuccessful, the examiner's supervisor, Kimberly Williams can be reached on 571-272-7471. The fax phone

Application/Control Number: 10/054,390                                                                 Page 9
Art Unit: 2626

number for the organization where this application or proceeding is assigned is 703-872-9306.

Information regarding the status of an application may be obtained from the Patent Application Information Retrieval (PAIR) system. Status information for published applications may be obtained from either Private PAIR or Public PAIR. Status information for unpublished applications is available through Private PAIR only. For more information about the PAIR system, see http://pair-direct.uspto.gov. Should you have questions on access to the Private PAIR system, contact the Electronic Business Center (EBC) at 866-217-9197 (toll-free).

Negussie Worku
08/25/05

KIMBERLY WILLIAMS
SUPERVISORY PATENT EXAMINER