EXHIBIT F



UNITED STATES PATENT AND TRADEMARK OFFICE

UNITED STATES DEPARTMENT OF COMMERCE
United States Patent and Trademark Office
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 10/054,390 | 01/24/2002 | Radha K. C. Pandipati | | 8442 |

7590    11/16/2006

Radha K. C. Pandipati
Kris Engineering Inc
19531 Desmet Place
Montgomery Village, MD  20886

| EXAMINER |
|---|
| WORKU, NEGUSSIE |

| ART UNIT | PAPER NUMBER |
|---|---|
| 2625 | |

DATE MAILED: 11/16/2006

Please find below and/or attached an Office communication concerning this application or proceeding.

PTO-90C (Rev. 10/03)

| Office Action Summary | Application No. | Applicant(s) |
|---|---|---|
| | 10/054,390 | PANDIPATI, RADHA K. C. |
| | Examiner | Art Unit |
| | Negussie Worku | 2626 |

-- The MAILING DATE of this communication appears on the cover sheet with the correspondence address --

## Period for Reply

A SHORTENED STATUTORY PERIOD FOR REPLY IS SET TO EXPIRE <u>3</u> MONTH(S) FROM THE MAILING DATE OF THIS COMMUNICATION.
- Extensions of time may be available under the provisions of 37 CFR 1.136(a). In no event, however, may a reply be timely filed after SIX (6) MONTHS from the mailing date of this communication.
- If the period for reply specified above is less than thirty (30) days, a reply within the statutory minimum of thirty (30) days will be considered timely.
- If NO period for reply is specified above, the maximum statutory period will apply and will expire SIX (6) MONTHS from the mailing date of this communication.
- Failure to reply within the set or extended period for reply will, by statute, cause the application to become ABANDONED (35 U.S.C. § 133). Any reply received by the Office later than three months after the mailing date of this communication, even if timely filed, may reduce any earned patent term adjustment. See 37 CFR 1.704(b).

## Status

1) ☒ Responsive to communication(s) filed on <u>26 October 2006</u>.
2a) ☐ This action is **FINAL**.   2b) ☒ This action is non-final.
3) ☐ Since this application is in condition for allowance except for formal matters, prosecution as to the merits is closed in accordance with the practice under *Ex parte Quayle*, 1935 C.D. 11, 453 O.G. 213.

## Disposition of Claims

4) ☒ Claim(s) <u>1-11 and 13-19</u> is/are pending in the application.
  4a) Of the above claim(s) _____ is/are withdrawn from consideration.
5) ☐ Claim(s) _____ is/are allowed.
6) ☒ Claim(s) <u>1-11 and 13-19</u> is/are rejected.
7) ☐ Claim(s) _____ is/are objected to.
8) ☐ Claim(s) _____ are subject to restriction and/or election requirement.

## Application Papers

9) ☐ The specification is objected to by the Examiner.
10) ☒ The drawing(s) filed on <u>03 April 2006</u> is/are: a)☒ accepted or b)☒ objected to by the Examiner.
   Applicant may not request that any objection to the drawing(s) be held in abeyance. See 37 CFR 1.85(a).
   Replacement drawing sheet(s) including the correction is required if the drawing(s) is objected to. See 37 CFR 1.121(d).
11) ☐ The oath or declaration is objected to by the Examiner. Note the attached Office Action or form PTO-152.

## Priority under 35 U.S.C. § 119

12) ☐ Acknowledgment is made of a claim for foreign priority under 35 U.S.C. § 119(a)-(d) or (f).
   a)☐ All  b)☐ Some * c)☐ None of:
   1.☐ Certified copies of the priority documents have been received.
   2.☐ Certified copies of the priority documents have been received in Application No. _____.
   3.☐ Copies of the certified copies of the priority documents have been received in this National Stage application from the International Bureau (PCT Rule 17.2(a)).
   * See the attached detailed Office action for a list of the certified copies not received.

Attachment(s)
1) ☒ Notice of References Cited (PTO-892)
2) ☐ Notice of Draftsperson's Patent Drawing Review (PTO-948)
3) ☒ Information Disclosure Statement(s) (PTO-1449 or PTO/SB/08)
   Paper No(s)/Mail Date <u>1013/06</u>.
4) ☐ Interview Summary (PTO-413)
   Paper No(s)/Mail Date. _____.
5) ☐ Notice of Informal Patent Application (PTO-152)
6) ☐ Other: _____.

U.S. Patent and Trademark Office
PTOL-326 (Rev. 1-04)   Office Action Summary   Part of Paper No./Mail Date 20050808

Application/Control Number: 10/054,390 Page 2
Art Unit: 2625

## DETAILED ACTION

1. This Office action is in response to Amendment filed October 13, 2006, claims 1 through 21 are pending in the application, claims 12 has been cancelled, and claims 13-21 are new.

### Continued Examination Under 37 CFR 1.114

2. A request for continued examination under 37 CFR 1.114, including the fee set forth in 37 CFR 1.17(e), was filed in this application after final rejection. Since this application is eligible for continued examination under 37 CFR 1.114, and the fee set forth in 37 CFR 1.17(e) has been timely paid, the finality of the previous Office action has been withdrawn pursuant to 37 CFR 1.114. Applicant's submission filed on October 13, 2006 has been entered.

### Claim Rejections - 35 USC § 103

3. The following is a quotation of 35 U.S.C. 103(a) which forms the basis for all obviousness rejections set forth in this Office action:

> (a) A patent may not be obtained though the invention is not identically disclosed or described as set forth in section 102 of this title, if the differences between the subject matter sought to be patented and the prior art are such that the subject matter as a whole would have been obvious at the time the invention was made to a person having ordinary skill in the art to which said subject matter pertains. Patentability shall not be negatived by the manner in which the invention was made.

4. Claims 1-11 are rejected under 35 U.S.C. 103(a) as being unpatentable over Hu et al. (USP 6,459,506) in view of Hamilton (USP 6,462,842).

Regarding claim 1, Hu et al. discloses an apparatus (shown in fig 3), which manages and organizes the expense information, (any data recorded on a paper, can be scanned by scanner 300 of fig 3) comprising;

a scanner (scanner 300 of fig 3) to scan receipts (320 of fig 3) containing expense information, said scanner scanning said receipts to obtain scanned information (scanner 320); and

a computer, (computer 302 of fig 3) in connection with the scanner, said computer executing (computer 300 of fig 3, connected via interface 316) a software which receives said scanned information and which process, (a software or a program loaded in computer 302 of fig 3, processes, manage, data scanned by scanner 300, which is connected to PC computer through USB interface 316), and organizes saves the scanned information including numerical data in the receipts to obtain said expense information (document or a memo scanned by scanner 320 of fig 3).

Although Hu et al., shows a compute (302 of fig 3), with a processor fail expressly to teach a software, which processes data information, including numerical data.

Hamilton in the same area of document scanning and a computer program for processing and controlling a scanner teaches the software, which processes data information, including numerical data, (a computer program or a software source code written in C and object code, intended to run a microcontroller, which automatically organizes all the information from the scanned bills, which the software contains many

Application/Control Number: 10/054,390　　　　　　　　　　　　　　　　　　　　　　　　Page 4
Art Unit: 2625

function, controlling or organizing information apparent to those skilled in the art, see col.4, lines 10-20).

Therefore, it would have been obvious to a person with ordinary skill in the art at the time the invention was made to have modified the scanning and a processing apparatus of Hu et al. to include: a software which organizes all the information from the scanned bills (document), including numerical values.

It would have been obvious to a person with ordinary skill in the art at the time the invention was made to have modified document scanning and processing device of Hu et al. by the teaching of Hamilton, for the purpose of increasing data throughput and controlling the function of the scanning device, such as information processing, file managing, calculating a numerical value and for automatic data entry between scanner and computer devices.

Regarding claim 2, Hu et al. teaches an apparatus (as shown in fig 3 and 4), wherein the scanner (300 of fig 1) is connected to a computer (computer 302 of fig 1) through a USB port (USB interface 316 of fig 3) or pass through parallel port and wherein the software is stored in the computer, (col.4, lines 52-65).
Hu et al. does not teach or disclose software is stored in the computer.
Hamilton in the same area of document scanning and data processing teaches software is stored in the computer, (a computer program or a software source code written in C and object code, intended to run a microcontroller loaded or stored in to the PC processor 102 of fig 1).

Application/Control Number: 10/054,390 Page 5
Art Unit: 2625

Therefore, it would have been obvious to a person with ordinary skill in the art at the time the invention was made to have modified the scanning and processing apparatus of Hu et al. to include: the unique software program loaded into the program.

It would have been obvious to a person with ordinary skill in the art at the time the invention was made to have modified document scanning and processing device of Hu et al. by the teaching of Hamilton for the purpose of increasing data throughput and controlling the function of the scanning device, such as information processing, and for automatic data entry between scanner and computer devices.

Regarding claim 3, Hu discloses an apparatus (fig 3), where as receipts are being scanned (documents or information are being scanned by scanner 300) are being scanned, scanned information from the scanned receipts is automatically received by the computer and processed and organized by the computer into the expense information (documents or information are being scanned by scanner 300 entered into the computer 302 of fig 1 through USB interface115 of fig 3).

Regarding claim 4, Hu et al. does not disclose an apparatus, wherein the apparatus is able to process receipts that include grocery receipts, credit card receipts or bank statement.

Hamilton in the same area of document scanning and processing teaches or disclose (document or information scanned by scanner entered to a computer program

or a software source code written in C and object code, intended to process information, which a microcontroller loaded in to the PC processor 102 of fig 1).

Therefore, it would have been obvious to a person with ordinary skill in the art at the time the invention was made to have modified the scanning and processing apparatus of Hu et al. to include: wherein the apparatus is able to process receipts that include grocery receipts, credit card receipts or bank statement.

It would have been obvious to a person with ordinary skill in the art at the time the invention was made to have modified document scanning and processing device of Hu et al. by the teaching of Hamilton for the purpose of increasing data throughput and controlling the function of the scanning device, such as information processing, and for automatic data entry between scanner and computer devices.

Regarding claim 5, Hu et al. discloses an apparatus (fig 3), further including a display device in communication with said computer, wherein the organized expense information is displayed on said display device in tabular form or pie-chart form, or as text file (data scanned and entered to the computer 302 of fig 3, can be viewed on the display monitor of computer 302 of fig 3, an can be configured in a computer file in a way suitable to be managed easily).

Regarding claim 6, Hu et al. does not disclose an apparatus wherein format of the expense information displayed in tabular data formats include income-expense reports, expenses versus planned budget, and list of all expenses grouped under various

Application/Control Number: 10/054,390 Page 7
Art Unit: 2625

categories, or classifications.

Hamilton in the same area of document scanning and processing teaches or disclose an apparatus wherein the tabular data formats include income-expense reports, expenses versus planned budget, and list of all expenses grouped under various categories, (data scanned and entered to the computer 150 of fig 8, can be viewed on the display monitor of computer 150 of fig 8, in the form of originally intended format).

Therefore, it would have been obvious to a person with ordinary skill in the art at the time the invention was made to have modified the scanning and processing apparatus of Hu et al. to include: apparatus wherein the tabular data formats include income-expense reports, expenses versus planned budget, and list of all expenses grouped under various categories.

It would have been obvious to a person with ordinary skill in the art at the time the invention was made to have modified document scanning and processing device of Hu et al. by the teaching of Hamilton for the purpose of increasing data throughput and controlling the function of the scanning device, such as information processing, and for automatic data entry between scanner and computer devices.

Regarding claim 7, Hu et al. discloses an apparatus (fig 3), wherein the apparatus allows a user to edit the expense information processed from the scanned receipts (scanned document and entered to the PC 302 of fig 3, inheritably can be edited).

Application/Control Number: 10/054,390 Page 8
Art Unit: 2625

Regarding to claim 8, Hu et al. discloses apparatus (fig 1-4), wherein the apparatus is able save the expense information processed from the scanned from the receipts in Quicken Interchange Format, allowing the expense information to be imported by a financial management program, (document or the information scanned by scanner 300 of fig 3, automatically entered and saved to computer (PC) 302 of fig 3, and imported for different purpose).

Regarding to claim 9, Hu et al. teaches an apparatus (fig 3-4), wherein each scanned receipt will be turned into an individual transaction, (document scanned and entered to computer and can be managed as individual transaction);

Regarding to claim 10, Hu et al. teaches an apparatus (fig 3-4), wherein the multiple items in the receipt will be used to create a "split" transaction with proper customizable categories, (plurality of scanned document can be treated and given a customized file by the software for handling the file).

Regarding to claim 11, Hu et al. does not teach, wherein the software allows for record keeping, budgeting and reconciliation.

Hamilton in the same area of document scanning and processing teaches or disclose a software the software contains many function, controlling or organizing information apparent to those skilled in the art, see col.4, lines 10-20).

Application/Control Number: 10/054,390 Page 9
Art Unit: 2625

Therefore, it would have been obvious to a person with ordinary skill in the art at the time the invention was made to have modified the scanning and processing apparatus of Hu et al. to include: software allows for record keeping, budgeting and for balancing budget.

It would have been obvious to a person with ordinary skill in the art at the time the invention was made to have modified document scanning and processing device of Hu et al. by the teaching of Hamilton for the purpose of increasing data throughput and controlling the function of the scanning device, such as information processing, and for automatic data entry between scanner and computer devices.

### *Claim Rejections - 35 USC § 102*

5. The following is a quotation of the appropriate paragraphs of 35 U.S.C. 102 that form the basis for the rejections under this section made in this Office action:

> A person shall be entitled to a patent unless –(e) the invention was described in a patent granted on an application for patent by another filed in the United States before the invention thereof by the applicant for patent, or on an international application by another who has fulfilled the requirements of paragraphs (1), (2), and (4) of section 371(c) of this title before the invention thereof by the applicant for patent.

6. Claims 13-19 are rejected under 35 U.S.C. 102(e) as being anticipated by Ching (USP 6,533,168).

With respect to claim 13, Ching teaches an apparatus (fig 2) for managing financial information, comprising: a scanner (201 of fig 2a, 103 of fig 1) for scanning receipts, (103 of fig 1 or 201 of fig 2a is reading data from receipt 109 of fig 2a) each

Application/Control Number: 10/054,390						Page 10
Art Unit: 2625

said receipt (109 of fig 2a) containing expense information, (receipt 109 of fig 2acontain a variety of information including human readable transaction data 107 of fig 2a, col.9, lines 7-10);

a computer (data processing device 202 of fig 2a a personal computer) in communication with said scanner, (scanner 201 of fig 2a) said computer receiving a scan of each said receipt, (receipt 109 of fig 2a) and processing said scan by collecting the expense information from the scan, (receipt 109 of fig 2acontain a variety of information including human readable transaction data 107 of fig 2a, col.9, lines 7-10); and

a display device (computer display 208 of fig 2a) in communication with said computer, (computer 202 of fig 2a, which includes microprocessor 210 of fig 2b) wherein said computer organizes said expense information collected from each said scan, and displays said organized expense information on said display device, (scanned transaction receipt 109, which includes transaction information 107 of fig 2a, inputted to the computer 202, for further analysis with a spread sheet software for generating human readable expense report, (col.13, lines 45-60)

With respect to claim 14, Ching teaches an apparatus (fig 2), wherein said scanner is a portablable scanner (103 or 601 of fig 6) able to automatically feed the receipt through said scanner while the receipt is being scanned (feed mechanism 602 of fig 6, fro feeding receipt to be scanned).

With respect to claim 15, Ching teaches an apparatus (fig 2), wherein the apparatus allows a user to edit the expense information collected from the scans of said receipts, (scanned transaction receipt 109, which includes transaction information 107 of fig 2a, inputted to the computer 202, for further analysis with a spread sheet software for generating human readable expense report, can be edited as to users preference (col.13, lines 45-60)

With respect to claim 16, Ching teaches an apparatus (fig 2), wherein the apparatus is able to save the expense information collected from the scans of said receipts in Quicken Interchange format, thereby enabling the expense information to be imported by a financial management program, (scanned transaction receipt 109, which includes transaction information 107 of fig 2a, inputted to the computer 202, for further analysis with a spread sheet software for generating human readable expense report, (col.13, lines 45-60)

With respect to claim 18, Ching teaches an apparatus (fig 2), a method of managing expense information collected from receipts, comprising: providing a scanner (scanner 201 of fig 2a) for scanning receipts (109 of fig 2a); scanning said receipts (201 of fig 2a) using said scanner (201 of fig 2a);

Providing a computer (personal computer 202 of fig 2a) in communication with said scanner (scanner 201 of fig 2a); receiving, by said computer, (202 of fig 2a) a scan of each said receipt (107 of fig 2a) scanned by said scanner (201 of fig 2a); collecting

Application/Control Number: 10/054,390 Page 12
Art Unit: 2625

automatically, by said computer, expense information contained in the scan of each said receipt; organizing said expense information, by said computer, into a tabular form, a pie-chart form, or a text file, (scanned transaction receipt 109, which includes transaction information 107 of fig 2a, inputted to the computer 202, for further analysis with a spread sheet software for generating human readable expense report, (col.13, lines 45-60); and

displaying the expense information organized by said computer on a display device (receipt scanned by scanner 201 of fig 2a, inputted to computer 202 of fig 2a, and displayed on the display monitor 208 of fig 2a, and the scanned transaction receipt 109, which includes transaction information 107 of fig 2a, inputted to the computer 202, for further analysis with a spread sheet software for generating human readable expense report, on the display 208 of fig 2a, col.13, lines 45-60).

With respect to claim 19, Ching teaches a method, further including a step of editing said expense information displayed on said display device using said computer, (receipt scanned by scanner 201 of fig 2a, inputted to computer 202 of fig 2a, and displayed on the display monitor 208 of fig 2a, and the scanned transaction receipt 109, which includes transaction information 107 of fig 2a, inputted to the computer 202, for further analysis with a spread sheet software for generating human readable expense report, on the display 208 of fig 2a, col.13, lines 45-60).

Application/Control Number: 10/054,390            Page 13
Art Unit: 2625

With respect to claim 20, Ching teaches a method, further including a step of organizing each said scan as a separate transaction to enable editing of the expense information for each said scan, (scanned transaction receipt 109, which includes transaction information 107 of fig 2a, inputted to the computer 202, for further analysis with a spread sheet software for generating human readable expense report, on the display 208 of fig 2a, col.13, lines 45-60).

With respect to claim 21, Ching teaches a method 21, further including a step of automatically categorizing each said scan to enable display of a list of all expenses according to categories, (scanned transaction receipt 109, which includes transaction information 107 of fig 2a, inputted to the computer 202, for further analysis with a spread sheet software for generating human readable expense report, on the display 208 of fig 2a, col.13, lines 45-60).

## *Conclusion*

8.     Any inquiry concerning this communication or earlier communications from the examiner should be directed to Negussie Worku whose telephone number is 571-272-7472. The examiner can normally be reached on 9am-6pm.

If attempts to reach the examiner by telephone are unsuccessful, the examiner's supervisor, David Moore can be reached on 571-272-7437. The fax phone number for the organization where this application or proceeding is assigned is 703-872-9306.

Information regarding the status of an application may be obtained from the Patent Application Information Retrieval (PAIR) system. Status information for published applications may be obtained from either Private PAIR or Public PAIR. Status information for unpublished applications is available through Private PAIR only. For more information about the PAIR system, see http://pair-direct.uspto.gov. Should you have questions on access to the Private PAIR system, contact the Electronic Business Center (EBC) at 866-217-9197 (toll-free).

Negussie Worku
10/26/06

DOUGLAS Q. TRAN
PRIMARY EXAMINER