EXHIBIT I

| Form PTO-1083 | | Patent | |
|---|---|---|---|
| In RE application of | Radha K. C. PANDIPATI | Case Docket No.: | RKP-5521 |
| Serial No.: | 10/054,390 | Group Art Unit: | 2625 |
| Filed: | January 24, 2002 | Examiner: | N. Worku |

For: RECEIPTS SCANNER AND FINANCIAL ORGANIZER ( As Amended)

Comissioner for Patents
P.O. Box 1450
Alexandria, VA 22313-1450

[Stamp: OIPE FEB 15 2007 PATENT & TRADEMARK OFFICE]

Sir:

Transmitted herewith are the following: an Amendment, RCE, IDS & EOT (1 month) in the above-identified application.

☒ Small entity of this application under 37 CFR 1.9 and 1.27 has been established by a verified statement previously submitted.

☐ A verified statement to establish small entity status under 37 CFR 1.9 and 1.27 is enclosed.

☒ No additional fee is required.

The fee has been calculated as shown below:

| | (Col. 1) Claims Remaining After Amendment | | (Col. 2) Highest No. Previously Paid For | (Col. 3) Present Extra | | SMALL ENTITY | | OR | OTHER THAN A SMALL ENTITY | |
|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | Rate | Additional Fee | | Rate | Addditional Fee |
| Total | * 20 | Minus | ** 20 | = 0 | | X 25 | $ | | X 50 | $ |
| Indep. | ** 3 | Minus | *** 3 | = 0 | | X 100 | $ | | X 200 | $ |
| ☐ First presentation of Multiple Dependent Claims | | | | | | X 180 | $ | | X 360 | $ |
| | | | | | | Total | $ | OR | Total | $0 |

* If the entry in Col. 1 is less than the entry in Col. 2, write "0" in col. 3.
** If the "Highest Number Previously Paid For" IN THIS SPACE is less than 20, write '20' in this space.
*** If the "Highest Number Previously Paid For" IN THIS SPACE is less than 3, write '3' in this space.
The 'Highest Number Previously Paid For' (Total or Independent) is the highest number found from the equivalent box in Col. 1 of a prior Amendment or the number of claims originally filed.

☐ Please charge my Deposit Account No. 50-1417 in the amount of $_____.

☐ A Credit Card Payment Form in the amount of $____ is attached.

☒ The Commissioner is hereby authorized to charge payment of the following fees associated with this communication or credit any overpayments to Deposit Account No. 50-1417.

☒ Any filing fees under 37 CFR 1.16 for the presentation of extra claims.

☒ Any patent application processing fees under 37 CFR 1.17.

☒ Any Extension of Time fees that are necessary, which is hereby Petitioned for, if necessary.

Mattingly, Stanger, Malur & Brundidge, P.C.
1800 Diagonal Road, Suite 370
Alexandria, Virginia 22312
Tel: (703) 684-1120
Fax: (703) 684-1157

By: _____
Colin D. Barnitz, Reg. No. 35,061
Attorney for Applicant(s)

Date: February 15, 2007



IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

| | | | |
|---|---|---|---|
| Appl. No. | : | 10/054,390 | Confirmation No. 8442 |
| Applicant | : | Radha K. C. PANDIPATI | |
| Filed | : | January 24, 2002 | |
| Title | : | RECEIPTS SCANNER AND FINANCIAL ORGANIZER (as amended) | |
| Examiner | : | Negussie Worku | |
| TC/AU | : | 2625 | |
| Docket No. | : | RKP-5521 | |
| Customer No.: | | 24956 | |

**MAIL STOP: AMENDMENT**
Commissioner for Patents
P.O. Box 1450
Alexandria, VA 22313-1450

## AMENDMENT

Sir:

In response to the Office Action of November 16, 2006, please amend the above-identified application as follows:

**Amendments to the Claims** are reflected in the listing of claims which begins on page 2 of this paper.

**Remarks** begin on page 9 of this paper.

[OIPE FEB 15 2007 PATENT & TRADEMARK OFFICE stamp]

Appl. No. 10/054,390
Amendment filed February 15, 2007
Reply to Office Action of November 16, 2006

Docket No. RKP-5521

**Amendments to the Claims:**

This listing of claims will replace all prior versions and listing of claims in the application.

**Listing of Claims:**

1. (Currently Amended) An apparatus which manages and organizes expense information, comprising:

a scanner to scan <u>various types of</u> receipts<u>, each said receipt</u> containing expense information <u>printed thereon</u>, said scanner scanning <u>each</u> said receipts to obtain scanned information <u>for each receipt</u>; and

a computer in communication with the scanner, said computer executing a software which receives said scanned information <u>for each receipt</u> and which processes ~~and organizes~~ the scanned information including numerical data in the receipts to obtain said expense information <u>from said scanned information,</u>

<u>wherein said expense information for each receipt is categorized into one or more predetermined categories to obtain categorized information for each receipt,</u>

<u>wherein said categorized information for each receipt is combined with categorized information for other said receipts to produce and display report information for one or more of said predetermined categories.</u>

2

Appl. No. 10/054,390  
Amendment filed February 15, 2007  
Reply to Office Action of November 16, 2006

Docket No. RKP-5521

2. (Previously Presented) An apparatus as claimed in claim 1, wherein the scanner is connected to said computer through a USB port or a pass through parallel port, and wherein the software is stored in the computer.

3. (Currently Amended) An apparatus as claimed in claim 1, wherein as the receipts are being scanned, the scanned information from the scanned receipts is automatically received by the computer and ~~processed and organized by the computer into~~ the expense information for each receipt is captured from the scanned information for each receipt, and categorized into one or more of said predetermined categories.

4. (Currently Amended) An apparatus as claimed in claim 1, wherein the apparatus is able to process receipts of no predefined format that include grocery receipts, purchase receipts, credit card receipts or bank statements having different widths and thicknesses.

5. (Currently Amended) An apparatus as claimed in claim 1, further including a display device in communication with said computer, wherein the ~~organized expense~~ report information is displayed on said display device in a tabular form, a pie-chart form, or as a text file.

3

Appl. No. 10/054,390  
Amendment filed February 15, 2007  
Reply to Office Action of November 16, 2006

Docket No. RKP-5521

6. (Currently Amended) An apparatus as claimed in claim 5, wherein formats of the ~~expense~~ report information displayed in tabular form include income-expense reports, expenses versus planned budget, cash flow, or a list of all expenses grouped under ~~various~~ said one or more predetermined categories ~~or classifications~~.

7. (Currently Amended) An apparatus as claimed in claim 1, wherein the apparatus allows a user to edit the expense information ~~processed~~ obtained from each of the scanned receipts.

8. (Currently Amended) An apparatus as claimed in claim 1, wherein the apparatus is able to save the expense information processed from the scanned receipts in Quicken Interchange Format, thereby allowing the expense information obtained from the scanned information to be imported by a financial management program.

9. (Currently Amended) An apparatus as claimed in claim 1, wherein each scanned receipt is organized as an individual transaction so that the expense information obtained from the scanned information for each scanned receipt is able be individually viewed and edited.

Appl. No. 10/054,390
Amendment filed February 15, 2007
Reply to Office Action of November 16, 2006

Docket No. RKP-5521

10. (Currently Amended) An apparatus as claimed in claim 9, wherein multiple items in the receipt are used to create a split transaction having the categorized information categorized into with customizable categories or classifications.

11. (Currently Amended) An apparatus as claimed in claim 1, wherein the software allows for record keeping, budgeting and for balancing a budget by displaying tabular data to enable comparison with pre-customized budgets or limits in each said one or more predetermined category.

12. (Canceled).

13. (Currently Amended) An apparatus for managing financial information, comprising:

a scanner for scanning various types of receipts of no predefined format, each said receipt containing expense information printed thereon;

a computer in communication with said scanner, said computer receiving a scan of each said receipt, and processing said scan by collecting the expense information from the scan; and

a display device in communication with said computer, wherein said computer organizes said expense information collected from each said scan by categorizing

the expense information into one or more predetermined expense categories to obtain report information, ~~and~~

wherein said ~~displays said organized expense~~ report information for at least one of said predetermined categories is displayed on said display device.

14. (Currently Amended) An apparatus as claimed in claim 13, wherein said scanner is a portable scanner able to automatically feed the receipt through said scanner while the receipt is being scanned, said receipts of no predefined format including grocery receipts, purchase receipts, credit card receipts or bank statements having different widths and thicknesses.

15. (Currently Amended) An apparatus as claimed in claim 13, wherein the apparatus allows a user to edit the expense information collected from the scans of each of said receipts.

16. (Currently Amended) An apparatus as claimed in claim 13, wherein the apparatus is able to save the expense information collected from the scans of said receipts in Quicken Interchange Format, thereby enabling the expense information collected from the scans to be imported by a financial management program.

Appl. No. 10/054,390  
Amendment filed February 15, 2007  
Reply to Office Action of November 16, 2006

Docket No. RKP-5521

17. (Currently Amended) An apparatus as claimed in claim 13, wherein each scan of said receipts is organized as an individual transaction <u>so that the expense information obtained from each scanned receipt is able be individually viewed and edited</u>.

18. (Currently Amended) A method of managing expense information collected from receipts, comprising:

    providing a scanner for scanning <u>various types of</u> receipts <u>having expense information printed thereon</u>;

    scanning said receipts using said scanner <u>to produce a scan of each receipt</u>;

    ~~providing a computer in communication with said scanner;~~

    receiving, by ~~said~~ <u>a</u> computer <u>in communication with said scanner</u>, ~~a~~ <u>the</u> scan of each said receipt scanned by said scanner;

    collecting automatically, by said computer, expense information contained in the scan of each said receipt<u>, wherein the position of the expense information on each receipt is not predetermined</u>;

    ~~organizing~~ <u>categorizing</u> said expense information <u>for each receipt</u>, by said computer, into ~~a tabular form, a pie-chart form, or a text file~~ <u>one or more of a plurality of predetermined expense categories</u>;

7

~~~~combining said expense information for each said in said predetermined expense categories with expense information of other receipts categorized into those predetermined expense categories to obtain report information; and

displaying the ~~expense~~ report information ~~organized by said computer~~ on a display device.

19. (Currently Amended) A method according to claim 18, further including a step of creating a user defined expense category as at least one of said predetermined expense categories. ~~editing said expense information displayed on said display device using said computer.~~

20. (Currently Amended) A method according to claim 19, further including a step of organizing each said scan as a separate transaction to enable individual viewing and editing of the expense information ~~for~~ collected from each said scan.

21. (Currently Amended) A method according to claim 18, further including a step of displaying said report information on said display device in a tabular form, a pie-chart form, or as a text file. ~~automatically categorizing each said scan to enable display of a list of all expenses according to categories.~~

Appl. No. 10/054,390  
Amendment filed February 15, 2007  
Reply to Office Action of November 16, 2006

Docket No. RKP-5521

## REMARKS

### Pending Claims

Claims 1, 3-11 and 13-21 have been amended. Claim 12 was canceled without prejudice or disclaimer in a prior amendment. Accordingly, claims 1-11 and 13-21 remain pending in this application.

### Power of Attorney - Change of Correspondence Address

A Power of Attorney and Change of Correspondence Address was filed October 13, 2006. A check of the PAIR system shows that this paper was entered in the application file, but the correspondence address was not changed. Accordingly, as requested by this paper, please address all future correspondence in this case to the address associated with customer number 24956, namely:

> MATTINGLY, STANGER, MALUR & BRUNDIDGE, PC  
> 1800 Diagonal Road  
> Suite 370  
> Alexandria, VA 22314

### Interview Summary

Applicant and his undersigned representatives would like to thank the Examiner for the courtesy extended during the in-person interview conducted on February 13, 2007. During the interview, the differences between Applicant's invention and the prior art were discussed. While Applicant believes that the prior art of record in the case does not teach or suggest Applicant's invention, Applicant has

9

attempted to clarify the claims in this Amendment to more specifically set forth Applicant's invention in an understandable manner.

### 35 U.S.C. §§ 102 and 103

Claims 1-11 stand rejected under 35 U.S.C. §103(a) as being unpatentable over Hu et al. (U.S. Patent No. 6,459,506 - hereafter "Hu") in view of Hamilton (U.S. Patent No. 6,462,842 - hereafter "Hamilton"). Claims 13-21 stand rejected under 35 U.S.C. §102(e) as being anticipated by Ching (U.S. Patent No. 6,533,168 - hereafter "Ching"). Applicant respectfully traverses these rejections, and requests reconsideration and withdrawal of the rejections for the following reasons.

### Combination of Hu and Hamilton does not Suggest the Invention

The invention, as claimed in claim 1, is directed to an apparatus that categorizes and combines expense information obtained from scanned receipts to produce and display report information. The Hu reference, on the other hand, merely teaches scanning a document and preserving the scanned document in a computer as an image (see Hu, e.g., at col. 4, lines 7-18). Hu does not teach or suggest automatically processing the scanned image to collect and categorize expense information obtained from the scanned image, or combining this expense information with expense information obtained from other receipts to display report information. In other words, a feature of Applicant's claim 1, which is automatic obtaining,

10

Appl. No. 10/054,390  
Amendment filed February 15, 2007  
Reply to Office Action of November 16, 2006

Docket No. RKP-5521

categorizing and combining of the expense information contained in the scanned receipts to obtain report information, is not taught or suggested by the Hu reference.

The present invention is directed to extracting expense data from receipts of different types, categorizing the collected expense data into predetermined categories in combination with expense information obtained from other receipts, and thus producing report information for the predetermined categories. Hu, however, relates to a mobile scanner capable of scanning a material to obtain an image in a standard image format. Thus, Hu does not teach or suggest scanning receipts to obtain expense information from the scanned receipts, or categorizing, combining and displaying the extracted expense information as a report in the manner taught by the present invention.

Hamilton fails to make up for the shortcomings in Hu discussed above. Hamilton is directed to an apparatus, program and method of controlling a scanner for increasing data throughput, increasing available resolutions, and reducing aliasing (see Hamilton, e.g., col. 2, lines 47-50). Hamilton improves scanning time by including a data rate adjustment circuit that allows the scanner to match the average data transfer rate of an associated device to avoid restarts (see col. 2, lines 51-60). Accordingly, it is respectfully submitted that Hamilton does not teach or suggest a software that automatically extracts, categorizes and combines information from scanned receipts to obtain report information. Hamilton neither discloses nor suggests obtaining expense information from the scanned data, or categorizing and

Appl. No. 10/054,390  
Amendment filed February 15, 2007  
Reply to Office Action of November 16, 2006

Docket No. RKP-5521

combining the expense information of scanned receipts with that obtained from other scanned receipts to produce and display report information, as set forth in Applicant's claims. Accordingly, it is respectfully submitted that Applicant's invention, as claimed in independent claims 1, 13 and 18, cannot be obvious in light of the combination of Hu and Hamilton.

### Ching does not Teach the Invention

Ching is directed to producing a receipt having printed thereon a machine-readable dataform pattern 108, such as a barcode (see, e.g., col. 7, lines 50-54). The dataform contains encoded transaction data regarding details of a corresponding transaction. A scanning device is able to read the dataform and obtain relevant transaction information about the prior transaction (col. 8, lines 13-17). In another aspect, the scanning device is able to scan the purchaser's handwritten notations in a designated area of the receipt and convert the scanned imagery to into text for storage as comments associated with the transaction. Thus, Ching requires a specialized receipt having a predetermined format, and Ching fails to teach or suggest a scanner able to scan various types of receipts as in the present invention. For example, under Applicant's invention, receipts of no predefined format are able to be scanned, such as grocery receipts, purchase receipts, credit card receipts or bank statements having different widths and thicknesses so that the position of the expense information on each receipt is not predetermined. Further

12

Appl. No. 10/054,390　　　　　　　　　　　　　　　　　　　　　　　Docket No. RKP-5521
Amendment filed February 15, 2007
Reply to Office Action of November 16, 2006

Ching fails to teach or suggest collecting expense information from scanned receipts, categorizing the expense information into predetermined categories, and combining the categorized information with that of other receipts to obtain and display report information. Accordingly, independent claims 1, 13 and 18 are patentable over Ching, whether taken singly or in combination with the other art of record. The remaining claims depend from these claims, are directed to additional patentable features of the invention, and are allowable at least because they depend from allowable base claims.

## Conclusion

In view of the foregoing, Applicant respectfully requests that a timely Notice of Allowance be issued in this case.

Respectfully submitted,

Colin D. Barnitz
Registration No. 35,061

MATTINGLY, STANGER, MALUR & BRUNDIDGE, P.C.
1800 Diagonal Rd., Suite 370
Alexandria, Virginia 22314
(703) 684-1120
Date: February 15, 2007