EXHIBIT K

Form PTO-1083

Patent

**Appl. No.:**    **10/054,390**

Atty Docket No. RKP-5521

Confirmation No. 8442

Applicant:    R. K. C. Pandipati

Group Art Unit: 2625

For:    RECEIPTS SCANNER AND
FINANCIAL ORGANIZER (As Amended)

Examiner:    N. Worku

*(stamp: NOV 05 2007, PATENT & TRADEMARK OFFICE)*

**MAIL STOP: APPEAL BRIEF-PATENTS**
Commissioner for Patents
P.O. Box 1450
Alexandria, VA 22313-1450

Sir:

Transmitted herewith is an APPEAL BRIEF t in the above-identified application.

☒    Small entity of this application under 37 CFR 1.9 and 1.27 has been established.

☐    A verified statement to establish small entity status under 37 CFR 1.9 and 1.27 is enclosed.

☐    No additional fee is required.

The fee has been calculated as shown below:

|  | (Col. 1) Claims Remaining After Amendment |  | (Col. 2) Highest No. Previously Paid For | (Col. 3) Present Extra | SMALL ENTITY Rate | SMALL ENTITY Additional Fee | OR | OTHER THAN A SMALL ENTITY Rate | OTHER THAN A SMALL ENTITY Additional Fee |
|---|---|---|---|---|---|---|---|---|---|
| Total | * 20 | Minus | ** 20 | = 0 | X 25 | $ | | X 50 | $ |
| Indep. | * 3 | Minus | *** 3 | = 0 | X 100 | $ | | X 200 | $ |
| First presentation of Multiple Dependent Claims | | | | | X 180 | $ | | X 360 | $ |
| | | | | | Total | $ | OR | Total | $ |

* If the entry in Col. 1 is less than or equal to the entry in Col. 2, write "0" in col. 3.
** If the "Highest Number Previously Paid For" IN THIS SPACE is less than 20, write '20' in this space.
*** If the "Highest Number Previously Paid For" IN THIS SPACE is less than 3, write '3' in this space.
The 'Highest Number Previously Paid For' (Total or Independent) is the highest number found from the equivalent box in Col. 1 of a prior Amendment or the number of claims originally filed.

☐    Please charge my Deposit Account No. 50-1417 in the amount of $_____.

☒    A Credit Card Payment Form in the amount of $255.00_____ is attached.

☒    The Commissioner is hereby authorized to charge payment of the following fees associated with this communication or credit any overpayments to Deposit Account No. 50-1417.

☒    Any filing fees under 37 CFR 1.16 for the presentation of extra claims.

☒    Any patent application processing fees under 37 CFR 1.17.

☒    Any Extension of Time fees that are necessary, which Extension of Time is hereby Petitioned for, if necessary.

Mattingly, Stanger, Malur & Brundidge, P.C.
1800 Diagonal Road, Suite 370
Alexandria, Virginia 22312
Tel: (703) 684-1120
Fax: (703) 684-1157

By: _____
Colin D. Barnitz, Reg. No. 35,061
Attorney for Applicant(s)

Date: November 5, 2007_____

IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

| | | | |
|---|---|---|---|
| **Appl. No.** | : | **10/054,390** | Confirmation No. 8442 |
| Applicant | : | Radha K. C. PANDIPATI | |
| Filed | : | January 24, 2002 | |
| Title | : | RECEIPTS SCANNER AND FINANCIAL | |
| | | ORGANIZER (as amended) | |
| Examiner | : | Negussie Worku | |
| TC/AU | : | 2625 | |
| Docket No. | : | RKP-5521 | |
| Customer No.: | | 24956 | |

**Mail Stop: APPEAL BRIEFS - PATENTS**
Commissioner of Patents
P.O. Box 1450
Alexandria, VA 22313-1450

## APPEAL BRIEF

Sir:

This appeal is taken from the final rejection of claims 1-11 and 13-21 set forth in the Final Office Action dated May 9, 2007.  Appellant addresses the following items.

## I.    REAL PARTY IN INTEREST

The real party in interest in this application is the inventor, Radha K. C. Pandipati.

11/06/2007 MBELETE1 00000005 10054390
01 FC:2402                                    255.00 OP

Appl. No. 10/054,390                                          Docket No. RKP-5521
Appeal Brief filed November 5, 2007

## II.    RELATED APPEALS AND INTERFERENCE

There are no related prior or pending appeals, judicial proceedings or

interferences known to the appellant which may be related to, directly affect or be

directly affected by or have a bearing on the Board's decision in the pending appeal.

## III.    STATUS OF CLAIMS

Claims 1-11 and 13-21 are currently pending.  All of pending claims 1-11 and

13-21 have been finally rejected.  Claim 12 was canceled without prejudice or

disclaimer.  Accordingly, the final rejection of claims 1-11 and 13-21 is being

appealed.

## IV.    STATUS OF AMENDMENTS

An Amendment was filed on July 5, 2007, subsequent to the final rejection of

the Office Action dated May 9, 2007, to put the claims into better condition for appeal

by correcting minor informalities.  The Amendment filed July 5, 2007, was indicated

by the Examiner to have been entered into the application for purposes of appeal in

the Advisory Action mailed August 6, 2007.

Appl. No. 10/054,390                                                    Docket No. RKP-5521
Appeal Brief filed November 5, 2007

## V.      SUMMARY OF THE CLAIMED SUBJECT MATTER

Claims 1, 13 and 18 are independent claims.

### A.      Summary of the Subject Matter of Independent Claim 1

According to independent claim 1, Applicant's invention is directed to an apparatus which manages and organizes expense information (FIG. 1, items 1-4; e.g., page 2, lines 19-20, and page 3, lines 6-8 of Applicant's original specification). The apparatus includes a scanner (FIG. 1, item 1) to scan various types of receipts (e.g., page 5, lines 8-11), each said receipt containing expense information printed thereon (e.g., page 5, lines 7-11), the scanner scanning each said receipt to obtain scanned information for each receipt (e.g., page 5, lines 7-12). A computer is in communication with the scanner (FIG. 1, item 2), the computer executing a software (e.g., page 5, lines 3-7) which receives the scanned information for each receipt and which processes the scanned information including numerical data in the receipt to obtain the expense information from the scanned information (e.g., page 5, lines 7-12). The expense information for each receipt is categorized into one or more predetermined categories to obtain categorized information for each receipt (e.g., page 5, lines 11-13). The categorized information for each receipt is combined with categorized information for other said receipts to produce and display report information for one or more of the predetermined categories (e.g., page 5, lines 10-20).

Appl. No. 10/054,390                                                                    Docket No. RKP-5521
Appeal Brief filed November 5, 2007

### B.    Summary of the Subject Matter of Independent Claim 13

According to independent claim 13, Applicant's invention is directed to an apparatus for managing financial information (FIG. 1, items 1-4; e.g., page 2, lines 19-20).  The apparatus includes a scanner (FIG. 1, item 1) for scanning various types of receipts of no predefined format (e.g., page 5, lines 7-11, page 7, lines 8-10), each said receipt containing expense information printed thereon (e.g., page 5, lines 7-11).  A computer is in communication with the scanner (FIG. 1, item 2), the computer receiving a scan of each said receipt (e.g., page 5, lines 7-8), and processing the scan by collecting the expense information from the scan (e.g., page 5, lines 7-12).  A display device is in communication with the computer (FIG. 1, item 3), wherein the computer organizes the expense information collected from each said scan by categorizing the expense information into one or more predetermined expense categories (e.g., page 5, lines 7-12) to obtain report information (e.g., page 5, lines 13-15), wherein the report information for at least one of the predetermined categories is displayed on the display device (e.g., page 5, lines 15-17, page 7, lines 22-23).

### C.    Summary of the Subject Matter of Independent Claim 18

According to independent claim 18, Applicant's invention is directed to a method of managing expense information collected from receipts (e.g., page 2, lines 16-20).  The method includes: providing a scanner (FIG. 1, item 1) for scanning various types of receipts having expense information printed thereon (e.g., page 5,

4

Appl. No. 10/054,390
Appeal Brief filed November 5, 2007

Docket No. RKP-5521

lines 8-11); scanning the receipts using the scanner to produce a scan of each receipt (e.g., page 5, lines 7-12); receiving, by a computer (FIG. 1, item 2) in communication with the scanner (FIG. 1, items 1 and 2), the scan of each said receipt scanned by the scanner (e.g., page 5, lines 7-8); collecting automatically, by the computer, expense information contained in the scan of each said receipt (e.g., page 5, lines 10-12); categorizing the expense information for each receipt, by the computer, into one or more of a plurality of predetermined expense categories (e.g., page 5, lines 10-12); combining the expense information for each said receipt in the predetermined expense categories with expense information of other receipts categorized into those predetermined expense categories to obtain report information (e.g., page 5, lines 10-23); and displaying the report information on a display device (e.g., page 5, lines 15-17, page 7, lines 22-23).

## VI.   GROUNDS OF REJECTION TO BE REVIEWED ON APPEAL

The grounds of rejection to be reviewed on appeal are:

(1)   Whether claims 1-11 and 13-21 are anticipated under 35 U.S.C. §102(e) by Ching (U.S. Patent No. 6,533,168 - hereafter "Ching").

## VII.   ARGUMENT

### Rejection of Claims 1-11 and 13-21 under 35 U.S.C. §102(e)

#### A.     Rejection of Independent Claim 13 under 35 U.S.C. §102(e)

Independent claim 13 was rejected under 35 U.S.C. § 102(e) as being
anticipated by Ching.  In one aspect, as set forth in independent claim 13, Applicant's
invention is directed to an apparatus for managing financial information that includes
a scanner for scanning various types of receipts of no predefined format (as recited
in claim 13 at line 3), each said receipt containing expense information printed
thereon.  A computer in communication with the scanner receives a scan of each
said receipt, and processes the scan by collecting the expense information from the
scan.

Ching, on the other hand, uses a receipt 109 having a very specific format
(see, e.g., FIG. 3 of Ching) that is produced during a transaction, and that may be
read by a scanning device 103 at a later time (col. 3, lines 37-50).  For example,
receipt 109 includes a machine-readable dataform pattern 108, such as a barcode
(see, e.g., col. 2, lines 1-29; col. 7, lines 50-54; and FIG. 3).  The dataform 108 (i.e.,
the barcode) contains encoded transaction data regarding details of a corresponding
transaction (col. 7, lines 38-48).  The scanning device 103 is able to read the
dataform 108 on the receipt and obtain relevant transaction information about the
prior transaction (col. 8, lines 13-17).

As illustrated in FIG. 3, Ching also teaches that the receipt 109 may include a
designated area 304 in which purchasers may record additional information

6

Appl. No. 10/054,390                                          Docket No. RKP-5521
Appeal Brief filed November 5, 2007

regarding the transaction (col. 10, lines 59-61).  The scanning device is able to scan the purchaser's handwritten notations in the designated area 304 of the receipt and convert the scanned imagery into text for storage as comments associated with the transaction (col. 10, lines 32-42).  Alternatively, a second algorithm is used to compare words within the identified text against a preset list of words, thereby allowing certain preset or user defined words to signal the system to characterize the associated transaction data as belonging to either a user-defined or predefined category or transactions (col. 10, lines 42-47).  However, Applicant respectfully notes that Ching is only able to carry out any of these functions using the specialized receipt 109 having a predetermined format, as set forth in FIG. 3 (see, e.g., col. 10, line 56, through col. 11, line 27, and FIG. 3).

As discussed above, under Applicant's invention, various types of receipts of no predefined format can be scanned and processed to collect expense information therefrom.  For example, according to Applicant's invention, various types of receipts, such as grocery receipts, purchase receipts, credit card receipts or bank statements having different widths and thicknesses may be scanned (page 5, lines 9-10 and page 7, lines 8-10).  The expense information is collected from the scanned receipts, organized and categorized.  Applicant's claim 13 includes the following limitations:

> a scanner for scanning various types of receipts of no predefined format, each said receipt containing expense information printed thereon;
> a computer in communication with said scanner, said computer receiving a scan of each said receipt, and processing said scan by collecting the expense information from the scan

7

Ching fails to teach these limitations of independent claim 13 because the receipt 109 of Ching is required to have the particular format illustrated in FIG. 3 of Ching and as described at, e.g., col. 10, line 56, through col. 11, line 27.  For example, the receipts of Ching are required to have the dataform 108, an attention symbol 119, and an endsearch symbol 120 (e.g., FIG. 3 and col. 11, lines 4-15). Further, the transaction information that the scanner of Ching is able to collect is limited to what is included in the dataform 108 or the designated area 304, and thus, is dependent on the dataform 108 being provided with specific information from the creator of the receipt.

Further, while Ching enables reading of handwritten notations, this is only from a designated area 304 on the receipt 109 (col. 10, lines 34-40).  One of the strengths of Applicant's invention is that it can collect data from receipts of various types from a wide variety of sources without requiring any predetermined format. The ability to extract information from receipts in an unrestricted format is an improvement of Applicant's invention over the prior art.  Ching, to the contrary, merely teaches that information is extracted from a specialized receipt specifically designed to work within a closed system, namely, the software that creates the receipt must be made compatible with the software that is to read the receipt.  Thus, Ching fails to teach or suggest the present invention in which receipts of various types with no predefined format may be scanned and financial data collected therefrom automatically.

8

Appl. No. 10/054,390
Appeal Brief filed November 5, 2007

Docket No. RKP-5521

Furthermore, Ching teaches a system having limited application in which dedicated software and a printer 102 must be provided for creating each of the receipts 109 used by Ching.  Thus, any receipt used in Ching's system must be printed using software that creates a special dataform 108 (i.e., a specialized barcode).  Ching discusses at col. 9, lines 6-11, that a receipt 109 may optionally contain a variety of information including human readable transaction data 107, a dataform 108, an attention symbol 119, an endsearch symbol 120, and handwritten notation area 304.  However, Ching only teaches collecting data from the dataform 108 and the designated notation area 304, and Ching does not teach or suggest scanning the human readable transaction data 107 or processing this data 107 in any way.

Further, while Ching does teach that a purchaser can make handwritten notations in the designated area 304 of receipt 109 for purposes of categorization, this still requires the receipt 109 to be a specialized receipt having a predetermined format with the designated area 304, and notations made outside this designated area 304 are not processed by Ching.  Accordingly, Ching does not teach that various types of receipts having no predetermined format are scanned and the financial data automatically collected from the various types of receipts, as recited in Applicant's claim 13.  Thus, independent claim 13 is patentable over Ching, whether taken singly or in combination with the other art of record.

Appl. No. 10/054,390                                          Docket No. RKP-5521
Appeal Brief filed November 5, 2007


## B.    Rejection of Independent Claim 1 under 35 U.S.C. §102(e)

Independent claim 1 was rejected under 35 U.S.C. § 102(e) as being

anticipated by Ching.  Claim 1 is directed to an apparatus which manages and

organizes expense information.  Claim 1 includes the following limitations:

> a scanner to <u>scan various types of receipts</u>, each said receipt
> containing expense information printed thereon, said scanner
> scanning each said receipt to obtain scanned information for each
> receipt; and
> a computer in communication with the scanner, said computer
> executing a software which <u>receives said scanned information for
> each receipt and which processes the scanned information including
> numerical data in the receipt to obtain said expense information</u> from
> said scanned information

Thus, according to Applicant's claim 1, <u>various types of receipts are scanned</u> and the

computer receives the scanned information for each receipt and processes the

scanned information <u>including numerical data in the receipt</u> to obtain expense

information.

Ching, on the other hand, teaches that a specialized receipt 109 must be used

that includes a machine-readable dataform pattern 108, such as a barcode (see,

e.g., col. 2, lines 1-29; col. 7, lines 50-54; and FIG. 3).  The dataform 108 (i.e., the

barcode) contains encoded transaction data regarding details of a corresponding

transaction (col. 7, lines 38-48).  A scanning device 103 is able to read the dataform

108 and obtain relevant transaction information about the prior transaction (col. 8,

lines 13-17).  Thus, Ching fails to teach or suggest scanning various types of

receipts, and Ching fails to teach or suggest processing scanned information that

includes numerical data in the receipt.

Appl. No. 10/054,390                                                    Docket No. RKP-5521
Appeal Brief filed November 5, 2007

Instead, Ching teaches reading a receipt having a specially created dataform (barcode).  The dataform contains all the transaction data.  Thus, Ching does not teach or suggest processing scanned information that includes numerical data, as set forth in Applicant's claim 1.  Ching also teaches that the receipt 109 may include a designated area 304 in which purchasers may record additional information regarding the transaction (col. 10, lines 59-61).  The scanning device is able to scan the purchaser's handwritten notations in the designated area 304 of the receipt and convert the scanned imagery into text for storage as comments associated with the transaction (col. 10, lines 32-42), but this is not numerical data that is processed to obtain expense information.  Thus, unlike Applicant's invention, Ching does not teach or suggest that numerical data included in the receipt is scanned and processed.

Furthermore, Ching only teaches using the specialized receipt 109 having a specific predetermined format, as set forth in FIG. 3 (see, e.g., col. 10, line 56, through col. 11, line 27 and FIG. 3).  Under Applicant's invention, various types of receipts are able to be scanned.  For example, under Applicant's invention various types of receipts, such as grocery receipts, purchase receipts, credit card receipts or bank statements having different widths and thicknesses may be scanned (page 5, lines 9-10 and page 7, lines 8-10).  The scanned information, including numerical data, in each receipt is processed to obtain the expense information.  Ching fails to teach these limitations of independent claim 1 because the receipt 109 of Ching is required to have the exact format illustrated in FIG. 3 of Ching, and as described at, e.g., col. 10, line 56, through col. 11, line 27.  For example, the receipts of Ching are

11

Appl. No. 10/054,390
Appeal Brief filed November 5, 2007

Docket No. RKP-5521

required to have the dataform 108, an attention symbol 119, and an endsearch symbol 120 (e.g., FIG. 3 and col. 11, lines 4-15). Further, the transaction information that the scanner of Ching is able to collect is limited to what is included in the dataform 108, and thus, is dependent on the dataform 108 being provided with specific information from the creator of the receipt. Accordingly, Ching does not teach that various types of receipts are scanned or that the computer receives the scanned information for each receipt and processes the scanned information including numerical data in the receipt to obtain expense information. Therefore, independent claim 1 is patentable over Ching, whether taken singly or in combination with the other art of record.

### C.    Rejection of Independent Claim 18 under 35 U.S.C. §102(e)

Independent claim 18 was rejected under 35 U.S.C. § 102(e) as being anticipated by Ching. Claim 18 is directed to a method of managing expense information collected from receipts. Claim 18 includes the following limitations:

> providing a scanner for scanning various types of receipts having expense information printed thereon;
> collecting automatically, by said computer, expense information contained in the scan of each said receipt, wherein the position of the expense information on each receipt is not predetermined;

Thus, according to Applicant's claim 18, various types of receipts having expense information printed thereon are scanned and the computer automatically collects the expense information from the scan of each receipt, while the position of the expense information on each receipt is not predetermined.

Appl. No. 10/054,390                                                      Docket No. RKP-5521
Appeal Brief filed November 5, 2007

Ching, on the other hand, teaches that a specialized receipt 109 must be used that includes a machine-readable dataform pattern 108, such as a barcode (see, e.g., col. 2, lines 1-29; col. 7, lines 50-54; and FIG. 3).  The dataform 108 (i.e., the barcode) contains encoded transaction data regarding details of a corresponding transaction (col. 7, lines 38-48).  A scanning device 103 is able to read the dataform 108 and obtain relevant transaction information about the prior transaction (col. 8, lines 13-17).  Thus, Ching fails to teach or suggest scanning various types of receipts having expense information printed thereon, and Ching fails to teach or suggest that the position of the expense information on each receipt is not predetermined.

Instead, Ching teaches reading a receipt having a specially created dataform (barcode).  Ching also teaches that the receipt 109 may include a designated area 304 in which purchasers may record additional information regarding the transaction (col. 10, lines 59-61).  Thus, unlike Applicant's invention, Ching does not teach or suggest that various types of receipts are scanned wherein the position of the expense information on each receipt is not predetermined.  Instead, Ching specifically designates the location on the receipt where the dataform and the designated area 304 are located.  For example, the receipts 109 of Ching are required to have the dataform 108, an attention symbol 119, and an endsearch symbol 120 (e.g., FIG. 3 and col. 11, lines 4-15) for clearly designating the data to be read from the receipt.  Accordingly, Ching does not teach that various types of receipts having expense information printed thereon are scanned and the computer automatically collects the expense information from the scan of each receipt, wherein

13

Appl. No. 10/054,390                                                    Docket No. RKP-5521
Appeal Brief filed November 5, 2007

the position of the expense information on each receipt is not predetermined.  Thus,

independent claim 18 is patentable over Ching, whether taken singly, or in

combination with the other art of record.


**D.      Rejection of Dependent Claim 2 under 35 U.S.C. §102(e)**

Claim 2 was rejected under 35 U.S.C. § 102(e) as being anticipated by Ching.

Claim 2 is patentable at least because it depends from allowable base claim 1.


**E.      Rejection of Dependent Claim 3 under 35 U.S.C. §102(e)**

Claim 3 was rejected under 35 U.S.C. § 102(e) as being anticipated by Ching.

Claim 3 is patentable at least because it depends from allowable base claim 1.


**F.      Rejection of Dependent Claim 4 under 35 U.S.C. §102(e)**

Claim 4 was rejected under 35 U.S.C. § 102(e) as being anticipated by Ching.

In the apparatus according to claim 1, claim 4 includes the limitation that the

apparatus is configured to process receipts of no predefined format that include

grocery receipts, purchase receipts, credit card receipts or bank statements having

different widths and thicknesses.  The receipt 109 of Ching is required to have the

particular format illustrated in FIG. 3 of Ching and as described at, e.g., col. 10, line

56, through col. 11, line 27 of Ching.  For example, the receipts of Ching are required

to have the dataform 108, an attention symbol 119, and an endsearch symbol 120

(e.g., FIG. 3 and col. 11, lines 4-15).  Further, the transaction information that the

14

Appl. No. 10/054,390                                                          Docket No. RKP-5521
Appeal Brief filed November 5, 2007

scanner of Ching is able to collect is limited to what is included in the dataform 108, and thus, is dependent on the dataform 108 being provided with specific information from the creator of the receipt.

Further, while Ching enables reading of handwritten notations, this is <u>only from a designated area 304</u> on the receipt 109 (col. 10, lines 34-40).  One of the strengths of Applicant's invention is that it can collect data from receipts of various types from a wide variety of sources without requiring a predetermined format.  The ability to extract information from receipts in an unrestricted format is an improvement of Applicant's invention over the prior art.  Ching, to the contrary, merely teaches that information is extracted from a specialized receipt specifically designed to work within a closed system, namely, the software that creates the receipt must be made compatible with the software that is to read the receipt. Additionally, grocery receipts, purchase receipts, credit card receipts and bank statements all have formats that are different from each other and also different from the format set forth in receipt 109 of Ching.  Thus, Ching fails to teach or suggest the present invention in which receipts of various types with no predefined format are scanned and expense information obtained therefrom.  Accordingly, claim 4 is separately allowable over Ching whether taken singly or in combination with the other art of record, and Applicant respectfully requests that the rejection of claim 4 be withdrawn.

Appl. No. 10/054,390                                                    Docket No. RKP-5521
Appeal Brief filed November 5, 2007

### G.    Rejection of Dependent Claim 5 under 35 U.S.C. §102(e)

Claim 5 was rejected under 35 U.S.C. § 102(e) as being anticipated by Ching.

Claim 5 is patentable at least because it depends from allowable base claim 1.


### H.    Rejection of Dependent Claim 6 under 35 U.S.C. §102(e)

Claim 6 was rejected under 35 U.S.C. § 102(e) as being anticipated by Ching.

Claim 6 is patentable at least because it depends from allowable base claim 1 and

allowable intervening claim 5.


### I.    Rejection of Dependent Claim 7 under 35 U.S.C. §102(e)

Claim 7 was rejected under 35 U.S.C. § 102(e) as being anticipated by Ching.

Claim 7 is patentable at least because it depends from allowable base claim 1.


### J.    Rejection of Dependent Claim 8 under 35 U.S.C. §102(e)

Claim 8 was rejected under 35 U.S.C. § 102(e) as being anticipated by Ching.

In the apparatus according to claim 1, claim 8 includes the limitation that the

apparatus is configured to save the expense information collected from the scans of

said receipts in Quicken Interchange Format, thereby enabling the expense

information collected from the scans to be imported by a financial management

program.  Ching merely teaches that transaction information is mapped to a

database on the computer 202 where it is available for analysis by other software

applications (col. 10, lines 7-11).  Ching fails to teach or suggest saving expense

16

Appl. No. 10/054,390
Appeal Brief filed November 5, 2007

Docket No. RKP-5521

information collected from scans of receipts in Quicken Interchange Format, as recited in Applicant's claim 8. Accordingly, claim 8 is separately allowable over Ching whether taken singly or in combination with the other art of record, and Applicant respectfully requests that the rejection of claim 8 be withdrawn.

### K.  Rejection of Dependent Claim 9 under 35 U.S.C. §102(e)

Claim 9 was rejected under 35 U.S.C. § 102(e) as being anticipated by Ching. Claim 9 is patentable at least because it depends from allowable base claim 1.

### L.  Rejection of Dependent Claim 10 under 35 U.S.C. §102(e)

Claim 10 was rejected under 35 U.S.C. § 102(e) as being anticipated by Ching. Claim 10 is patentable at least because it depends from allowable base claim 1 and allowable intervening claim 9.

### M.  Rejection of Dependent Claim 11 under 35 U.S.C. §102(e)

Claim 11 was rejected under 35 U.S.C. § 102(e) as being anticipated by Ching. Claim 11 is patentable at least because it depends from allowable base claim 1.

### N.  Rejection of Dependent Claim 14 under 35 U.S.C. §102(e)

Claim 14 was rejected under 35 U.S.C. § 102(e) as being anticipated by Ching. In the apparatus according to claim 13, claim 14 includes the limitation that

17

the scanner is a portable scanner configured to automatically feed the receipt through said scanner while the receipt is being scanned, said receipts of no predefined format including grocery receipts, purchase receipts, credit card receipts or bank statements having different widths and thicknesses. Grocery receipts, purchase receipts, credit card receipts and bank statements all have formats that are different from each other and also different from the exact format set forth in receipt 109 of Ching having the specified dataform 108. Accordingly, claim 14 is separately allowable over Ching whether taken singly or in combination with the other art of record, and Applicant respectfully requests that the rejection of claim 14 be withdrawn.

### O.    Rejection of Dependent Claim 15 under 35 U.S.C. §102(e)

Claim 15 was rejected under 35 U.S.C. § 102(e) as being anticipated by Ching. Claim 15 is patentable at least because it depends from allowable base claim 13.

### P.    Rejection of Dependent Claim 16 under 35 U.S.C. §102(e)

Claim 16 was rejected under 35 U.S.C. § 102(e) as being anticipated by Ching. In the apparatus according to claim 13, claim 16 includes the limitation that the apparatus is configured to save the expense information collected from the scans of said receipts in Quicken Interchange Format, thereby enabling the expense information collected from the scans to be imported by a financial management

18

Appl. No. 10/054,390                                                    Docket No. RKP-5521
Appeal Brief filed November 5, 2007

program. Ching merely teaches that transaction information is mapped to a database on the computer 202 where it is available for analysis by other software applications (col. 10, lines 7-11). Ching fails to teach or suggest saving expense information collected from scans of receipts in Quicken Interchange Format, as recited in Applicant's claim 16. Accordingly, claim 16 is separately allowable over Ching whether taken singly or in combination with the other art of record, and Applicant respectfully requests that the rejection of claim 16 be withdrawn.

### Q.    Rejection of Dependent Claim 17 under 35 U.S.C. §102(e)

Claim 17 was rejected under 35 U.S.C. § 102(e) as being anticipated by Ching. Claim 17 is patentable at least because it depends from allowable base claim 13.

### R.    Rejection of Dependent Claim 19 under 35 U.S.C. §102(e)

Claim 19 was rejected under 35 U.S.C. § 102(e) as being anticipated by Ching. Claim 19 is patentable at least because it depends from allowable base claim 18.

### S.    Rejection of Dependent Claim 20 under 35 U.S.C. §102(e)

Claim 20 was rejected under 35 U.S.C. § 102(e) as being anticipated by Ching. Claim 20 is patentable at least because it depends from allowable base claim 18 and allowable intervening claim 19.

19

Appl. No. 10/054,390                                              Docket No. RKP-5521
Appeal Brief filed November 5, 2007

### T.     Rejection of Dependent Claim 21 under 35 U.S.C. §102(e)

Claim 21 was rejected under 35 U.S.C. § 102(e) as being anticipated by Ching.  Claim 21 is patentable at least because it depends from allowable base claim 18.

## XI.    <u>CONCLUSION</u>

In view of the foregoing Arguments, Appellant/Applicant respectfully requests reconsideration and withdrawal of the rejections of claims 1-11 and 13-21, and issuance of a timely Notice of Allowance.

20

Appl. No. 10/054,390                                    Docket No. RKP-5521
Appeal Brief filed November 5, 2007

## XII.   **FEES**

A Credit Card Payment Form is enclosed for the $255.00 filing fee (small

entity) for this Brief in support of an appeal.

If any additional fees are due in connection with the filing of this Appeal Brief,

including any Extension of Time fees that are necessary, the Commissioner is

hereby authorized to charge Deposit Account No. 50-1417 for these fees.

Respectfully submitted,

Colin D. Barnitz
Registration No. 35,061

MATTINGLY, STANGER, MALUR & BRUNDIDGE, P.C.
1800 Diagonal Rd., Suite 370
Alexandria, Virginia  22314
(703) 684-1120
Date: November 5, 2007

21

Appl. No. 10/054,390                                              Docket No. RKP-5521
Appeal Brief filed November 5, 2007

## VIII.   <u>CLAIMS APPENDIX</u>

1.  (Previously Presented)  An apparatus which manages and organizes expense information, comprising:

a scanner to scan various types of receipts, each said receipt containing expense information printed thereon, said scanner scanning each said receipt to obtain scanned information for each receipt; and

a computer in communication with the scanner, said computer executing a software which receives said scanned information for each receipt and which processes the scanned information including numerical data in the receipt to obtain said expense information from said scanned information,

wherein said expense information for each receipt is categorized into one or more predetermined categories to obtain categorized information for each receipt,

wherein said categorized information for each receipt is combined with categorized information for other said receipts to produce and display report information for one or more of said predetermined categories.

2.  (Previously Presented)  An apparatus as claimed in claim 1, wherein the scanner is connected to said computer through a USB port or a pass through parallel port, and wherein the software is stored in the computer.

Appl. No. 10/054,390                                                    Docket No. RKP-5521
Appeal Brief filed November 5, 2007

3.  (Previously Presented)  An apparatus as claimed in claim 1, wherein as the receipts are being scanned, the scanned information from the scanned receipts is automatically received by the computer and the expense information for each receipt is captured from the scanned information for each receipt, and categorized into one or more of said predetermined categories.

4.  (Previously Presented)  An apparatus as claimed in claim 1, wherein the apparatus is configured to process receipts of no predefined format that include grocery receipts, purchase receipts, credit card receipts or bank statements having different widths and thicknesses.

5.  (Previously Presented)  An apparatus as claimed in claim 1, further including a display device in communication with said computer, wherein the report information is displayed on said display device in a tabular form, a pie-chart form, or as a text file.

6.  (Previously Presented)  An apparatus as claimed in claim 5, wherein formats of the report information displayed in tabular form include income-expense reports, expenses versus planned budget, cash flow, or a list of all expenses grouped under said one or more predetermined categories.

7.  (Previously Presented)  An apparatus as claimed in claim 1, wherein the apparatus allows a user to edit the expense information obtained from each of the scanned receipts.

8.  (Previously Presented)  An apparatus as claimed in claim 1, wherein the apparatus is configured to save the expense information processed from the scanned receipts in Quicken Interchange Format, thereby allowing the expense information obtained from the scanned information to be imported by a financial management program.

9.  (Previously Presented)  An apparatus as claimed in claim 1, wherein each scanned receipt is organized as an individual transaction so that the expense information obtained from the scanned information for each scanned receipt is able be individually viewed and edited.

10.  (Previously Presented)  An apparatus as claimed in claim 9, wherein multiple items in the receipt are used to create a split transaction having the categorized information categorized into customizable categories.

Appl. No. 10/054,390                                              Docket No. RKP-5521
Appeal Brief filed November 5, 2007

11. (Previously Presented)  An apparatus as claimed in claim 1, wherein the
software allows for record keeping, budgeting and for balancing a budget by
displaying tabular data to enable comparison with pre-customized budgets or limits in
each said one or more predetermined category.

12. (Canceled).

13. (Previously Presented)  An apparatus for managing financial information,
comprising:

a scanner for scanning various types of receipts of no predefined format, each
said receipt containing expense information printed thereon;

a computer in communication with said scanner, said computer receiving a
scan of each said receipt, and processing said scan by collecting the expense
information from the scan; and

a display device in communication with said computer, wherein said computer
organizes said expense information collected from each said scan by categorizing
the expense information into one or more predetermined expense categories to
obtain report information,

wherein said report information for at least one of said predetermined
categories is displayed on said display device.

25

Appl. No. 10/054,390                                                    Docket No. RKP-5521
Appeal Brief filed November 5, 2007

14.  (Previously Presented)  An apparatus as claimed in claim 13, wherein said scanner is a portable scanner configured to automatically feed the receipt through said scanner while the receipt is being scanned, said receipts of no predefined format including grocery receipts, purchase receipts, credit card receipts or bank statements having different widths and thicknesses.

15.  (Previously Presented)  An apparatus as claimed in claim 13, wherein the apparatus allows a user to edit the expense information collected from the scans of each of said receipts.

16.  (Previously Presented)  An apparatus as claimed in claim 13, wherein the apparatus is configured to save the expense information collected from the scans of said receipts in Quicken Interchange Format, thereby enabling the expense information collected from the scans to be imported by a financial management program.

17.  (Previously Presented)  An apparatus as claimed in claim 13, wherein each scan of said receipts is organized as an individual transaction so that the expense information obtained from each scanned receipt is able be individually viewed and edited.

Appl. No. 10/054,390                                                        Docket No. RKP-5521
Appeal Brief filed November 5, 2007

18.  (Previously Presented)  A method of managing expense information collected from receipts, comprising:

providing a scanner for scanning various types of receipts having expense information printed thereon;

scanning said receipts using said scanner to produce a scan of each receipt;

receiving, by a computer in communication with said scanner, the scan of each said receipt scanned by said scanner;

collecting automatically, by said computer, expense information contained in the scan of each said receipt, wherein the position of the expense information on each receipt is not predetermined;

categorizing said expense information for each receipt, by said computer, into one or more of a plurality of predetermined expense categories;

combining said expense information for each said receipt in said predetermined expense categories with expense information of other receipts categorized into those predetermined expense categories to obtain report information; and

displaying the report information on a display device.


19.  (Previously Presented)  A method according to claim 18, further including a step of

creating a user defined expense category as at least one of said predetermined expense categories.

27

Appl. No. 10/054,390
Appeal Brief filed November 5, 2007

Docket No. RKP-5521

20. (Previously Presented)  A method according to claim 19, further including a step of

    organizing each said scan as a separate transaction to enable individual viewing and editing of the expense information collected from each said scan.


21. (Previously Presented)  A method according to claim 18, further including a step of

    displaying said report information on said display device in a tabular form, a pie-chart form, or as a text file.

Appl. No. 10/054,390                                    Docket No. RKP-5521
Appeal Brief filed November 5, 2007

## IX.    **EVIDENCE APPENDIX**

None

Appl. No. 10/054,390                                    Docket No. RKP-5521
Appeal Brief filed November 5, 2007

## X.   **RELATED PROCEEDINGS APPENDIX**

None.