**UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**WACO DIVISION**

| | | |
|---|---|---|
| BRIGHT CAPTURE LLC, | § § | |
| Plaintiff, | § § | |
| v. | § § | Civil Action No. 6:22-CV-00048-ADA |
| ZOHO CORPORATION, | § § | |
| Defendant. | § § § | |

**ZOHO CORPORATION'S REPLY CLAIM CONSTRUCTION BRIEF**

I.      **INTRODUCTION**

Bright Capture argues that the claim term "scanner" should be given its "plain and ordinary meaning" in an express attempt to broaden the term to cover all types of scanners known "at the time of time of invention." *See e.g.*, Dkt 35, p.4. (asserting that as of the time of the invention "the term 'scanner' was known in the art" and thus would be understood as coextensive with scanners known as of that time).  But the common Specification of the asserted patents distinguishes the claimed "scanner" from those known at the time of invention.  In clear and unambiguous terms, the common Specification expressly states that "none" of the commercially available scanners of the time were "of the type described in this invention." *See e.g.*, '510 patent, 1:48-50 ("There are a number of different kinds of scanners commercially available and some of these have been patented. However, none of them are of the type described in this invention."). Instead, according to the Specification the "scanner" of this "invention" is both portable and includes a built-in feeder. *See e.g.*, *Id*. 3:62-4:3. This is not a preferred embodiment. It is the only embodiment; it is the purported "invention" and "scanner" must be construed in accordingly. *Honeywell Int'l, Inc. v. ITT Indus., Inc.*, 452 F.3d 1312, 1318 (Fed. Cir. 2006) (holding that claim terms must be construed in a manner consistent with what the written description repeatedly called "this invention" or the "present invention").

Bright Capture should not be allowed to divorce the claims from the specification - extending its patent claims to cover something well beyond the written description. Claim terms must be read in light of the specification and must be construed in a manner "that comports with the instrument as a whole." *Markman v. Westview Instruments, Inc.*, 517 U.S. 370, 389 (1996). Put another way, claim construction must be done with an eye towards what was actually "invented" as reflected in the specification. *U.S. v. Adams*, 383 U.S. 39, 48-49 (1966) ("[I]t is fundamental that claims are to be construed in the light of the specifications and both ***are to be***

1

*read with a view to ascertaining the invention*."); *Retractable Techs., Inc. v. Becton, Dickinson & Co.*, 653 F.3d 1296, 1305 (Fed. Cir. 2011) ("In reviewing the intrinsic record to construe the claims, *we strive to capture the scope of the actual invention* …."); *see also MySpace, Inc. v. GraphOn Corp.*, 672 F.3d 1250, 1256 (Fed. Cir. 2012) ("An inventor is entitled to claim in a patent what he has invented, but no more. ... Therefore, in construing a claim there are two limiting factors—what was invented, and what exactly was claimed."). Zoho's constructions follow these principles. Bright Capture's approach does not.

## II.     ARGUMENT

### A.     Scanner

| Claims | Bright Capture Construction | Zoho Construction |
|---|---|---|
| **"scanner"** | Plain and ordinary meaning – no need for construction. | "a portable device with a built-in feeder that scans documents as they are fed into the device" |

Bright Capture makes three arguments as to why Zoho's proposed construction is purportedly inappropriate. None of Bright Capture's arguments hold water.

First, Bright Capture incorrectly contends that Zoho's construction imports limitations from the Specification's preferred embodiments. Contrary, to Bright's Capture's assertion, Zoho's construction does not rely on limitations found in "preferred embodiments." Rather, Zoho's construction is rooted in *every embodiment described in the Specification* and tied to the patentee's own statements as to what the "invention" includes. *GPNE Corp. v. Apple Inc.*, 830 F.3d 1365, 1370 (Fed. Cir. 2016) ("[W]hen a patent 'repeatedly and consistently' characterizes a claim term in a particular way, it is proper to construe the claim term in accordance with that characterization.") (citing *VirnetX, Inc. v. Cisco Sys., Inc.*, 767 F.3d 1308, 1318 (Fed. Cir. 2014).

In *every instance* in the Specification the "scanner" is described as including a "feeder." *See* '510 patent at 1:32-33 ("Now with this invention, you can stop wasting your time typing. Simply take your file of receipts and *feed them into the scanner*."); 1:48-50 ("There are a number of different kinds of scanners commercially available and some of these have been patented. However, none of them are of the type described in this invention. ***When a receipt is fed or inserted, the scanner of this invention automatically grabs and moves the receipt while it is being scanned*** and stops at the completion of the scanning of the bill."); 3:62-4:3 ("The system, as illustrated in FIG. 1, contains *the scanner* 1 …. ***[I]t has a built-in feeder that takes in receipts as they are fed, similar to a fax machine where the fax page is swept in***."); 2:48-54 ("The invention includes a scanner …. ***A user needs to insert one receipt at time into this scanner***."); 4:17-18 ("Now you can *feed the receipts into the scanner* one at a time."); 4:37 ("When ***receipts are fed into the scanner***…."). Similarly, the Specification explains that unlike purportedly "conventional" scanners, the allegedly inventive "scanner," is "small light-weight and portable." 3:62-4:3.

These repeated and unambiguous teachings in the Specification tell one skilled in the art that the claimed scanner is different from "conventional" and "commercially available" scanners. The "scanner" of the invention is portable and includes a feeder. Thus, "scanner" must be construed to include these features. *See Kinetic Concepts, Inc. v. Blue Sky Med. Grp., Inc.*, 554 F.3d 1010, 1018-19 (Fed. Cir. 2009) (where "[a]ll of the examples described in the specification involve skin wounds," to construe "wound" to include other wound types "would thus expand the scope of the claims far beyond anything described in the specification"); *see also Barkan Wireless Access Techs., L.P. v. Cellco P'ship*, 748 F. App'x 987, 992 (Fed. Cir. 2018) (affirming claim construction requiring Wi-Fi access points even though specification did not define it as such where the patent disclosure was limited to Wi-Fi (not cellular) technology); *Honeywell*

3

*Int'l, Inc..*, 452 F.3d at 1318 (Fed. Cir. 2006) (holding that claim terms must be construed to limit scope to what the written description repeatedly called "this invention" or the "present invention"); *Verizon Services Corp. v. Vonage Holdings Corp.*, 503 F.3d 1295, 1308 (Fed. Cir. 2007) (same). Rather than interpreting the claimed term "scanner" based on dictionary definitions, as Bright Capture proposes, one skilled in the art would understand the term based on the statements in the Specification – and the term must be construed with this in mind. *ICU Med., Inc. v. Alaris Med. Sys.*, 558 F.3d 1368, 1375 (Fed. Cir. 2009) (quoting *Phillips*, 415 F.3d at 1321) ("the court should focus on how [a person of ordinary skill in the art] would understand the claim term 'after reading the entire patent'"); *Choon's Design, LLC v. Idea Vill. Prod. Corp.*, 776 F. App'x 691, 696 (Fed. Cir. 2019) ("[T]he specification, not dictionaries or colloquial use, dictates a term's 'plain and ordinary meaning.'").

Bright Capture also appears to assert that unless the patentee acted as his own lexicographer or there was some claim disavowal, the plain and ordinary meaning independent of the patent's specification should control the interpretation of claim terms. Such position ignores the unequivocal rule that "plain and ordinary meaning" must be what one of ordinary skill in the art would understand ***having read the written description of the patent***. "[T]he 'ordinary meaning' of a claim term is its meaning to the ordinary artisan after reading the entire patent." *Phillips,* 415 F.3d at 1321 (Fed. Cir. 2005) (*en banc*); *see also Wisconsin Alumni Rsch. Found. v. Apple Inc.*, 905 F.3d 1341, 1351 (Fed. Cir. 2018) ("the 'ordinary meaning' of a claim term is its meaning to the ordinary artisan after reading the entire patent." (citations omitted)). Scanner, when read in view of the specification, carries the meaning proposed by Zoho.

Second, Bright Capture's argument that the doctrine of claim differentiation forecloses Zoho's proposed construction also fails. The doctrine of claim differentiation refers to the presumption that an independent claim should not be construed as requiring a limitation added

4

by a dependent claim. *See Nazomi Communications, Inc. v. Arm Holdings, PLC*, 403 F.3d 1364, 1370 (Fed. Cir. 2005) ("[C]laim differentiation 'normally means that limitations stated in dependent claims are not to be read into the independent claim from which they depend.'" (quoting *Karlin Tech., Inc. v. Surgical Dynamics, Inc.*, 177 F.3d 968, 971-72 (Fed. Cir. 1999))); *see also Phillips*, 415 F.3d at 1314-15 (explaining the presumption without invoking the "claim differentiation" label). The doctrine of claim differentiation "is 'not a hard and fast rule.'" *Regents of Univ. of Cal. v. Dakocytomation Cal., Inc.*, 517 F.3d 1364, 1375 (Fed. Cir. 2008) (quoting *Seachange Int'l, Inc. v. C-COR, Inc.*, 413 F.3d 1361, 1369 (Fed. Cir. 2005)). "Although claim differentiation is a useful analytic tool, it cannot enlarge the meaning of a claim beyond that which is supported by the patent documents, or relieve any claim of limitations imposed by the prosecution history." *Fenner Invs., Ltd. v. Cellco P'ship*, 778 F.3d 1320, 1327 (Fed. Cir. 2015). And the doctrine "does not serve to broaden claims beyond their meaning in light of the specification." *Intell. Ventures I v. Motorola Mobility*, 870 F.3d 1320, 1325-26 (Fed. Cir. 2017) (quoting *Toro Co. v. White Consol. Indus., Inc.*, 199 F.3d 1295, 1302 (Fed. Cir. 1999)). Moreover, where the dependent claim, despite the construction, still adds something new to the independent claim, it is not superfluous and claim differentiation does not apply. *Indacon, Inc. v. Facebook, Inc.*, 824 F.3d 1352, 1358 (Fed. Cir. 2016).

Here, Bright Capture's implicit contention that several dependent claims would be rendered superfluous by Zoho's proposed construction is factually incorrect. The dependent claims cited by Bright Capture (claims 12 of the '510 patent and 23 of the '410 patent) add significant limitations to the independent claims beyond the requirement that the claimed "scanner" be "portable" and include a "feeder." The dependent claims add the additional requirements that the feeding of the receipt be done "automatically" and that receipts be "grocery

5

receipts, purchase receipts, credit card receipts or bank statements having different widths and thicknesses."

Thus, because there are other meaningful differences between the independent and dependent claims, Bright Capture's claim differentiation argument fails. *Indacon, Inc.*, 824 F.3d at 1358 (Fed. Cir. 2016) (declining "to apply the doctrine of claim differentiation where, as here, the claims are not otherwise identical in scope"); *Andersen Corp. v. Fiber Composites, LLC*, 474 F.3d 1361, 1370 (Fed. Cir. 2007) (claim differentiation not applied when other differences in the claims existed).  In addition, claim differentiation should not be used as vehicle here to expand the meaning of "scanner" beyond the scope of that term as used in the specification. *Toro Co. v. White Consol. Indus., Inc.*, 199 F.3d 1295, 1302 (Fed. Cir. 1999)).

Third, Bright Capture incorrectly asserts that Zoho's proposed construction is wrong because during prosecution of the asserted patents the patent office did not contend that "cited prior art" included a "portable" scanner with a "built in feeder" and the patentee did not "respond by asserting" that the prior art failed to disclose such a scanner. A review of the file history and the prior art cited therein shows that Bright Capture's position here is factually incorrect. In each of the Office Actions that Bright Capture cites the patent examiner asserted that U.S Patent No. 6,459,506 (hereinafter "the Hu patent") discloses the claimed scanner. *See* Dkt. 35, p. 8 (citing Exs. C-F of Bright Capture's Responsive Claim Construction Brief). The scanner in the Hu Patent was, in fact, both portable and included a built-in feeder.  The title of the Hu patent refers to the scanner as a "mobile scanner" and the scanner is depicted and described as having a "motion mechanism" (a feeder) built into it that "is responsible for moving the document through the image sensing module [of the scanner]." *See* Reply Marton Decl. Ex A (Hu patent) at Title, Fig. 3, 2:44-46; 5:14-16; *see also* Fig. 4A, 5:43-50 (referring to figure 4A "main case [of the scanner] 402 houses an image Sensing module 406 and motion mechanism of which only a

6

rubber surfaced rod 408 is shown. A scanning object 420 is received from receiving opening 422, then moved by moving rod 408 to pass an optical path 426 and exited from exiting opening."). Thus, by asserting that the Hu patent discloses the claimed sensor, the patent office was, in fact, affirming that scanner in Bright Capture scanner was both portable and included a built-in feeder. And, the patentee "did not respond that Examiner" had failed to show a prior art system with scanner as claimed because Hu did in fact disclose such a scanner. In sum, there was no dispute that the prior art included such scanner and, thus, no reason for argument to be made on the issue.

In sum, Zoho's proposed construction closely aligns with what the inventors described as the invention. By contrast, Bright Capture invites the Court to ignore the specification and look only to the claim language in isolation. While Bright Capture reasons that consistent with a dictionary definition of "scanner" a person or ordinary skill in the art would understand the claimed scanner not to be limited to a portable one with a built in feeder, what a dictionary says about the term is largely irrelevant. "[T]he specification, not dictionaries or colloquial use, dictates a term's 'plain and ordinary meaning.'" *Choon's Design, LLC v. Idea Vill. Prod. Corp.*, 776 F. App'x 691, 696 (Fed. Cir. 2019) (citing *Retractable Techs.,* 653 F.3d at 1305 ("It is axiomatic that the claim construction process entails more than viewing the claim language in isolation. Claim language must always be read in view of the written description ....")). Bright Capture has failed to provide any reason why "scanner" should be interpreted more broadly than how the patentee itself described the scanner in all instances throughout the specification.

A.   **Computer input device**

| Claims | Bright Capture Construction | Zoho Construction |
|---|---|---|
| **"computer input device"** | Plain and ordinary meaning – no need for construction. | "a portable device with a built-in feeder that scans documents as they are fed into the device" |

Bright Capture's only argument as to why the "computer input device" of claim 1 of the '410 should not be construed as a scanner is that because claim 3 of that patent (which depends from claim 1) recites that the input device is a scanner, the principle of claim differentiation precludes a construction that includes the scanner requirement. But as explained above, "claim differentiation… cannot [be used to] enlarge the meaning of a claim beyond that which is supported by the patent documents, or relieve any claim of limitations imposed by the prosecution history." *Fenner Invs.*, 778 F.3d at 1327. Here, as explained above and in Zoho's Opening Claim Construction brief, the only "computer input device" that receives receipts (as is a required function of the claimed input device) is a scanner. *See* '510 patent at Abstract ("The scanner, which accommodates paper of differing sizes, is used to input bills, receipts, bank statements etc."); 1:51-52 ("the scanner of this invention automatically grabs and moves the receipt …."; 2:53-54 ("A user needs to insert one receipt at a time into this scanner."); 3:62-4:3 ("The system, as illustrated in Fig. 1, contains the scanner …. It … takes in receipts as they are fed…. "); 4:37 ("when receipts are fed into the scanner…."). Indeed, a "scanner" is what the entire invention is directed to. *See id.* at Title ("Receipts Scanner and Financial Organizer"); Abstract ("The system contains a scanner, an apparatus for scanning receipts into a computer …."); 1:13 ("This invention relates to a scanner apparatus to scan receipts into a computer…."); 2:48-49 ("The invention includes a scanner that is connected to computer …."). As such,

"computer input device" must be interpreted as a scanner and should be construed the same as "scanner." *GPNE Corp. v. Apple Inc.*, 830 F.3d 1365, 1370–71 (Fed. Cir. 2016) (affirming construction of the term "node" as a "pager" where the specification "repeatedly" described the invention as system of pagers); *Wastow Enterprises, LLC v. Truckmovers.com, Inc.*, 855 F. App'x 748, 752 (Fed. Cir. 2021) (non-precedential) (affirming that "device" means "a universal folding boom trailer" based on specification repeatedly, and title, so describing the invention); *see also UltimatePointer, L.L.C. v. Nintendo Co.*, 816 F.3d 816, 823 (Fed. Cir. 2016) (affirming that "handheld device" should be construed as limited to a direct pointing device because the specification repeatedly extoled direct pointing and repeatedly disparaged indirect pointing devices, and the title of the specification referred to "direct pointing").

If this claim were interpreted more broadly—to cover some input device other than a scanner as Bright Capture contends—then the claim term would be invalid for lack of written description. *See Bayer CropScience AG v. Dow AgroSciences LLC*, 728 F.3d 1324, 1330-31 (Fed. Cir. 2013) (rejecting attempt to construe term more broadly than its well-accepted scientific meaning, in part because the broader construction would raise "grave doubts" of invalidity under section 112(a)'s written description requirement.); *see also Intell. Ventures I*, 870 F.3d at 1325-26 (affirming denial of written description invalidity JMOL given specification's distinctions over prior art, reasoning that "the proper result is not that claim 41 fails for lack of written description but that it should be construed 'in view of the specification' to be limited"); *Takeda Pharm. Co. v. Zydus Pharm. USA, Inc.*, 743 F.3d 1359, 1365 (Fed. Cir. 2014) ("[w]here there is an equal choice between a broader and a narrower meaning of a claim, and there is an enabling disclosure that indicates that the applicant is at least entitled to a claim having the narrower meaning, we consider the notice function of the claim to be best served by adopting the narrower meaning") (quoting *Athletic Alternatives, Inc. v. Prince Mfg., Inc.*, 73 F.3d

9

1573, 1581 (Fed. Cir. 1996)); *Howmedica Osteonics Corp. v. Zimmer, Inc.*, 822 F.3d 1312, 1321-22 (Fed. Cir. 2016) (citing possible indefiniteness concern if claim-recited outcome not limited to particular technique described in written description).

### B. Preamble of claim 16 of '151 patent

Bright Capture appears to assert that unless the preamble provides an antecedent basis for claim elements the preamble is not limiting. But the law is not so narrow. Contrary to Bright Capture's assertion, it is well established that a preamble is limiting where it states a "defining aspect of the invention…" *On Demand Mach. Corp. v. Ingram Indus., Inc.*, 442 F.3d 1331, 1343 (Fed. Cir. 2006); *see also, e.g., Poly–America, L.P. v. GSE Lining Tech., Inc.,* 383 F.3d 1303, 1309–10 (Fed.Cir.2004) (the specification described the "blown-film" as a fundamental characteristic of the invention, and its use in the preamble limited the claims); *In re Cruciferous Sprout Litigation,* 301 F.3d 1343, 1347–48 (Fed.Cir.2002) (the preamble phrase "rich in glucosinolates" was limiting because the patentee relied on the preamble to distinguish the prior art in prosecution); *General Elec. Co. v. Nintendo Co., Ltd.,* 179 F.3d 1350, 1361–62 (Fed.Cir.1999) (where the specification made clear that the invention was a mode of display of binary data on a raster scanned display device rather than all display devices, the preamble language "displaying a pattern on a raster scanned display device by mapping bits" was a claim limitation).

Here, the preamble recites the core components of the invention: "a scanner in communication with a computing device." As described above, the scanner connected to the computer *is the invention*. *See, e.g.,* '510 patent at 2:47-48 ("The invention includes a scanner that is connected to a computer"). Thus, the preamble of this claim is describing the defining aspect of the claim and is limiting.

## III.     CONCLUSION

For the reasons stated above, Zoho asks that the Court adopt its proposed claim constructions.

Date: March 20, 2023

/s/ Ryan J. Marton
Ryan J. Marton (admitted Pro Hac Vice)
ryan@martonribera.com
Carolyn Chang (admitted Pro Hac Vice)
carolyn@martonribera.com
Phillip Haack (admitted Pro Hac Vice)
phaack@martonribera.com
MARTON RIBERA SCHUMANN & CHANG LLP
548 Market Street, Suite 36117
San Francisco, CA 94104
Tel: 415.360.2511

Darryl J. Adams (TX Bar No. 00796101)
dadams@sgbfirm.com
SLAYDEN GRUBERT BEARD PLLC
401 Congress Ave., Suite 1650
Austin, TX 78701
Tel: 512.402.3550
Fax: 512.402.6865

*Attorneys for Defendant Zoho Corporation*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on March 20, 2023, all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via email.

Dated: March 20, 2023                                   */s/ Ryan J. Marton*
                                                        Ryan J. Marton