IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| BRIGHT CAPTURE LLC,<br>*Plaintiff*<br><br>-vs-<br><br>ZOHO CORPORATION,<br>*Defendant* | § § § § § § § § § § §   W-22-CV-00048-ADA |

## ORDER GRANTING DEFENDANT'S MOTION TO TRANSFER

Before the Court is Defendant Zoho Corporation ("Zoho") for Intra-District Transfer pursuant to 28 U.S.C. § 1404(a), filed on April 22, 2022. ECF No. 21. Plaintiff Bright Capture LLC ("Bright Capture") filed its response on July 8, 2022 (ECF No. 23) and the Zoho replied on July 22, 2022 (ECF No. 25). After careful consideration, the Court **GRANTS** Zoho's motion to transfer venue to the Austin Division of the Western District of Texas. Because both parties agree that the Austin Division is more convenient than the Waco Division, the Court **TRANFERS** this case to the Austin Division.

### I.   FACTUAL BACKGROUND

Bright Capture filed this lawsuit on January 13, 2022 alleging infringement of United States Patent Nos. 10,049,410; 10,453,151; and 8,693,070 (the "Patents-in-Suit"). ECF No. 1 at ¶8.

### II.   LEGAL STANDARD

In patent cases, motions to transfer under 28 U.S.C. § 1404(a) are governed by the law of the regional circuit—here, the Fifth Circuit. *In re TS Tech USA Corp.*, 551 F.3d 1315, 1319 (Fed. Cir. 2008). 28 U.S.C. § 1404(a) provides in part that "[f]or the convenience of parties and

1

witnesses, . . . a district court may transfer any civil action to any other district or division where it might have been brought . . . " *Id.* "Section 1404(a) is intended to place discretion in the district court to adjudicate motions for transfer according to an 'individualized, case-by-case consideration of convenience and fairness.'" *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988) (quoting *Van Dusen v. Barrack*, 376 U.S. 612, 622 (1964)).

The preliminary question under § 1404(a) is whether a civil action "'might have been brought' in the destination venue." *In re Volkswagen, Inc.*, 545 F.3d 304, 312 (5th Cir. 2008) (hereinafter "*Volkswagen II*"). If the destination venue would have been a proper venue, then "[t]he determination of 'convenience' turns on a number of public and private interest factors, none of which can be said to be of dispositive weight." *Action Indus., Inc. v. U.S. Fid. & Guar. Co.*, 358 F.3d 337, 340 (5th Cir. 2004) (footnote omitted). The private interest factors include: "(1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive." *In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir. 2004) (hereinafter "*Volkswagen I*") (citing *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 241 n.6 (1982)). The public factors include: "(1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws of the application of foreign law." *Id.* Courts evaluate these factors based on the situation which existed at the time of filing, rather than relying on hindsight knowledge of the defendant's forum preference. *Hoffman v. Blaski*, 363 U.S. 335, 343 (1960).

The moving party has the burden to prove that a case should be transferred for convenience. *Volkswagen II*, 545 F.3d at 314. The burden is not simply that the alternative venue is more convenient, but that it is clearly more convenient. *Id.* at 314–15. While "clearly more convenient" is not the same as the "clear and convincing" standard, the moving party must still show more than a mere preponderance. *Quest NetTech Corp. v. Apple, Inc.*, No. 2:19-cv-118, 2019 WL 6344267, at *7 (E.D. Tex. Nov. 27, 2019). Yet, the Federal Circuit has clarified that, for a court to hold that a factor favors transfer, the movant need not show an individual factor *clearly* favors transfer. *In re Apple Inc.*, 979 F.3d 1332, 1340 (Fed. Cir. 2020).

### III.   DISCUSSION

As noted above, the preliminary question in the transfer analysis is whether the action could have been brought in the destination venue. *Volkswagen II*, 545 F.3d at 312. Here, neither the Zoho nor Bright Capture dispute that venue is proper in the Austin Division of the Western District of Texas and that the suit could have been filed there. ECF No. 21 at 5; *see generally* ECF No. 23. Accordingly, the Court moves past the preliminary question and weighs the private and public interest factors to determine whether transfer is warranted.

#### A.   The Private Interest Factors

##### i. The Cost of Attendance and Convenience for Willing Witnesses

The most important factor in the transfer analysis is the convenience of the witnesses. *In re Genentech, Inc.*, 566 F.3d 1388, 1342 (Fed. Cir. 2009). According to Fifth Circuit law, if the distance between a current venue and a proposed venue is more than 100 miles, the inconvenience to witnesses increases in direct relationship to the additional distance they must travel if the matter is transferred. *Volkswagen II*, 545 F.3d at 317. But it is unclear when the 100-mile rule applies, as the Federal Circuit has stated that courts should not apply the rule "rigidly" in some cases where witnesses would be required to travel a significant distance no matter what

venue they testify in. *In re Apple*, 979 F.3d at 1342 (discussing witnesses traveling from New York) (citing *Volkswagen II*, 545 F.3d at 317). "[T]he inquiry should focus on the cost and inconvenience imposed on the witnesses by requiring them to travel to a distant forum and to be away from their homes and work for an extended period of time." *In re Google, LLC*, No. 2021-170, 2021 WL 4427899, at * 4 (Fed. Cir. Sept. 27, 2021). According to the Federal Circuit, time is a more important metric than distance. *Id.* However, the Federal Circuit has also held that when willing witnesses will have to travel a significant distance to either forum, the slight inconvenience of one forum in comparison to the other should not weigh heavily on the outcome of this factor. *In re Apple*, 979 F.3d at 1342. When analyzing this factor, the Court should consider all potential witnesses. *Alacritech Inc. v. CenturyLink, Inc.*, No. 2:16-CV-00693, 2017 WL 4155236, at *5 (E.D. Tex. Sept. 19, 2017).

Zoho specifically identifies two individuals based out of its Austin office who have potentially relevant testimony. Zoho identifies Val Steed, and argues that Mr. Steed will explain technology operation, design, development, testing, and marketing of the Accused Products. ECF No. 21 at 2; ECF No ¶¶ 21-1 9. Bright Capture points out that Mr. Steed actually resides in Utah, not Austin. ECF No. 23 at 4; ECF No. 21-1 ¶ 8. Zoho also identifies Joel Victorian, who will testify about the sales, marketing and operations of the Accused Products. ECF No. 21 at 9; ECF No. 21-2 ¶¶ 2, 5. In its response, Bright Capture identifies ███████████████████████████████████████████████████████████████ ECF No. 23 at 3-4. Zoho responds that Bright Capture fails ███████████████████████████████████████ (which should only be considered under access to sources of proof factor). ECF No 25 at 2-3.

4

As an initial matter, the Court discounts Mr. Steed as not having any relevance for this factor. As Bright Capture points out, Mr. Steed is primarily a remote employee and resides in Utah, not Austin. ECF No. 23 at 4; ECF No. 21-1 ¶ 8. For the Court to consider remote employees who travel occasionally to the relevant Division or District would promote gamesmanship and incentivize parties to shift remote employees' "home bases" around in order to gain strategic advantages. Both locations would be equally inconvenient for him. Bright Capture does not contest the relevance of Mr. Victorian, and the Court agrees that he likely has relevant information. ████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████ Without more, the Court is unable to determine whether the individual has relevant knowledge or not. The Court finds that this factor weighs slightly in favor of transfer.

### ii. The Relative Ease of Access to Sources of Proof

"In considering the relative ease of access to proof, a court looks to where documentary evidence, such as documents and physical evidence, is stored." *Fintiv Inc. v. Apple Inc.*, No. 6:18-cv-00372, 2019 WL 4743678, at *2 (W.D. Tex. Sept. 10, 2019). "[T]he question is *relative* ease of access, not *absolute* ease of access." *In re Radmax*, 720 F.3d 285, 288 (5th Cir. 2013) (emphases in original). "In patent infringement cases, the bulk of the relevant evidence usually comes from the accused infringer. Consequently, the place where the defendant's documents are kept weighs in favor of transfer to that location." *In re Apple Inc.*, 979 F.3d at 1340 (citing *In re Genentech*, 566 F.3d at 1345).

The Court acknowledges that the Fifth Circuit's decision in *In re Planned Parenthood* shows a shift in the analysis of this factor. The Fifth Circuit has recently agreed with a district court that concluded that this factor is neutral because electronic evidence is equally accessible in

either forum. *In re Planned Parenthood Fed'n of Am., Inc.*, 52 F.4th 625, 630 (5th Cir. 2022). The Fifth Circuit held that "[t]he location of evidence bears much more strongly on the transfer analysis when . . . the evidence is physical in nature." *Id*. But the Federal Circuit has held that it is an error to conclude this factor is neutral because electronic documents are easily accessible in both forums. *In re Apple, Inc.*, No., 2022 WL 1196768, at *4 (Fed. Cir. Apr. 22, 2022). To the extent that these two holdings can be reconciled, the Court concludes that the location of physical evidence is more important to this analysis than the location of where electronic documents are typically accessed. Even so, the Court still considers the location of document custodians of electronic documents in its analysis of this factor. *In re Google LLC*, No. 2021-178, 2021 WL 5292267, at *2 (Fed. Cir. Nov. 15, 2021).

Zoho argues that it has electronic documents relevant to the marketing, sales, and financial operations of Zoho Expense in the Austin Division. ECF No. 21 at 7-8; ECF No. 21-1 ¶¶ 11, 13. Zoho also argues that physical evidence would likely be located in the Austin Division. *Id*. And finally, they allege that Source Code will be made available in Austin. *Id.* Bright Capture responds that ███████████████████████████████████████████████████████████████████████████████████. ECF No. 23 at 3. They argue that ███████████████████████████████████████████████████████████████████. *Id.* Zoho responds that the relevant document custodians are located in Austin (due to the location of its employees including Mr. Victorian). ECF No. 25 at 1. Further, ████████████████████████████████████████████████████████████████████████████████. ECF No. 25 at 1-2. The Court finds that the relevant document custodians are located in Austin, and to the extent that there is physical evidence, it would be located in Austin as well (not Waco). Therefore, this factor weighs in favor of transfer.

### iii. *The Availability of Compulsory Process to Secure the Attendance of Witnesses*

Under the Federal Rules, a court may subpoena a witness to attend trial only (a) "within 100 miles of where the person resides, is employed, or regularly transacts business in person"; or (b) "within the state where the person resides, is employed, or regularly transacts business in person, if the person . . . is commanded to attend a trial and would not incur substantial expense." Fed. R. Civ. P. 45(c)(1)(A), (B)(ii). Under this factor, the Court focuses on non-party witnesses whose attendance may need to be secured by a court order." *Fintiv Inc.*, 2019 WL 4743678, at *14 (citing *Volkswagen II*, 545 F.3d at 316). This factor "weigh[s] heavily in favor of transfer when more third-party witnesses reside within the transferee venue than reside in the transferor venue." *In re Apple*, 581 F. App'x 886, 889 (Fed. Cir. 2014) (citing *In re Genentech*, 566 F.3d at 1345). The Federal Circuit has held that "when there is no indication that a non-party witness is willing, the witness is presumed to be unwilling and considered under the compulsory process factor." *In re HP Inc.*, No. 2018-149, 2018 WL 4692486, at *3 n.1 (Fed. Cir. Sept. 25, 2018). However, the Fifth Circuit has clarified that "the availability of the compulsory process 'receives less weight when it has not been alleged or shown that any witness would be unwilling to testify.'" *In re Planned Parenthood Fed'n of Am., Inc.*, 52 F.4th at 630−31 (quoting *Hefferan v. Ethicon Endo-Surgery Inc.*, 828 F.3d 488 (6th Cir. 2016)).

Both parties agree that this factor is Neutral, the Court agrees. ECF No. 21 at 14; ECF No. 23 at 4.

### iv. *All Other Practical Problems That Make Trial of a Case Easy, Expeditious and Inexpensive*

When considering the private interest factors, courts must also consider "all other practical problems that make trial of a case easy, expeditious and inexpensive." *Volkswagen II*, 545 F.3d at 314. "Particularly, the existence of duplicative suits involving the same or similar

7

issues may create practical difficulties that will weigh heavily in favor or against transfer." *PersonalWeb Techs., LLC v. NEC Corp. of Am., Inc.*, No. 6:11-cv-655, 2013 WL 9600333, at *5 (E.D. Tex. Mar. 21, 2013). "[W]here there is a co-pending litigation before the trial court involving the same patent-in-suit, and pertaining to the same underlying technology and accusing similar services, [the Federal Circuit] cannot say the trial court clearly [abuses] its discretion in denying transfer." *In re Vistaprint Ltd.*, 628 F.3d 1342, 1346 n.3 (Fed. Cir. 2010). However,the Federal Circuit has suggested that it is an error to determine that this factor strongly disfavors transfer based primarily on co-pending litigation with pending motions to transfer. *In re Google Inc.*, No. 2017-107, 2017 WL 977038, at *2 (Fed. Cir. Feb. 23, 2017).

The relevant inquiry under this factor is whether the circumstances in either the forum would make trial of the matter easier, more expeditious, or less expensive. *Volkswagen II*, 545 F.3d at 314.The Court notes that there are currently no co-pending suits by Plaintiff that would make trial easier, more expeditious, or less expensive. The Court determines that this factor is Neutral.

**B. The Public Interest Factors**

  **i.   *Administrative Difficulties Flowing from Court Congestion***

This factor concerns "whether there is an appreciable difference in docket congestion between the two forums." *In re Adobe Inc.*, 823 Fed. App'x 929, 932 (Fed. Cir. 2020). It considers the "[t]he speed with which a case can come to trial and be resolved." *In re Genentech, Inc.*, 566 F.3d at 1347. In this analysis, court congestion is considered "the most speculative" factor, and when "relevant factors weigh in favor of transfer and others are neutral, then the speed of the transferee district court should not alone outweigh all those other factors." *Id.* However, as confirmed by the 5th Circuit district courts are "better placed" to

determine docket congestion than other courts. *In re Planned Parenthood*, 52 F.4th 625, 631 (5th Cir. 2022); *In re Google*, 58 F.4th 1379, 1383 (Fed. Cir. 2023).

Zoho argues that it is not aware of evidence that the Austin Division would have a slower disposition of this case, and that because Bright Capture appears to be a non-practicing entity it is not in need of a quick resolution. ECF No. 21 at 12-13. Bright Capture points to the case backlog in the Austin Division and the Waco division bringing cases to trial faster than Western District of Texas average. ECF No. 23 at 7-8. Zoho replies that because Bright Capture fails to compare the divisions time to trial statistics, that the Court would be forced to speculate on which division was faster. ECF No. 25 at 5.

Zoho is correct that because Bright Capture fails to compare the Austin Division and Waco Division that the Court is left in a position to speculate on whether time to trial will be faster in Austin or Waco. *Corrino Holdings LLC v. Expedia, Inc.*, No. 6:20-cv-309-ADA, 2022 WL 1094621 at *5 (W.D. Tex. Apr. 12, 2022). Therefore, the Court finds that this factor is neutral.

### ii. *Local Interest in Having Localized Interests Decided at Home*

Under this factor, the Court must evaluate whether there is a local interest in deciding local issues at home. *Volkswagen II*, 545 F.3d at 317. Local interests in patent cases "are not a fiction." *In re Samsung Elecs. Co.*, 2 F.4th 1371, 1380 (Fed. Cir. 2021). "A local interest is demonstrated by a relevant factual connection between the events and the venue." *Word to Info, Inc. v. Facebook, Inc.*, No. 3:14-CV-04387-K, 2015 WL 13870507, at *4 (N.D. Tex. Jul. 23, 2015). "[T]he sale of an accused product offered nationwide does not give rise to a substantial interest in any single venue." *In re Hoffmann-La Roche Inc.*, 587 F.3d 1333, 1338 (Fed. Cir. 2009). "This factor most notably regards not merely the parties' significant connections to each forum writ large, but rather the 'significant connections between a particular venue and *the*

9

*events that gave rise to a suit.*'" *In re Apple*, 979 F.3d at 1344 (emphasis in original) (quoting *In re Acer Am. Corp.*, 626 F.3d 1252, 1256 (Fed. Cir. 2010)). Courts should not heavily weigh a party's general contacts with a forum that are untethered from the lawsuit, such as a general presence. *Id.* Moreover, "little or no weight should be accorded to a party's 'recent and ephemeral' presence in the transferor forum, such as by establishing an office in order to claim a presence in the district for purposes of litigation." *In re Juniper Networks, Inc.*, 14 F.4th at 1320 (quoting *In re Microsoft Corp.*, 630 F.3d 1361, 1365 (Fed. Cir. 2011)). To determine which district has the stronger local interest, the Court looks to where the events forming the basis for infringement occurred. *Id.* at 1319.

Zoho argues that Austin has a local interest because the U.S. teams responsible for product direction, marketing, sales, and operations of the Accused Product are based out of Zoho's Austin office. ECF No. 21 at 13. Bright Capture argues that Zoho overstates Austin's interest because Defendant is headquartered in California, and the technology was developed by Zoho's parent company in India. ECF No. 23 at 8. Further, ███████████████████████ ███████████████████████████████████████████████. *Id.* Zoho responds that regardless of the interest of Dallas, California, or India, Austin still has a greater local interest than Waco. ECF No. 25 at 5. Because Austin has a greater local interest than Waco (but still minimal), the Court finds this factor favors transfer.

### iii. *Familiarity of the Forum with the Law That will Govern the Case*

Zoho and Bright Capture agree that this factor is neutral; both forums are familiar with the law that will govern this case. ECF No. 21 at 14; ECF No. 23 at 8. The Court agrees.

iv. *Avoidance of Unnecessary Problems of Conflict of Laws or in the Application of Foreign Law*

Zoho and Bright Capture agree that this factor is neutral—there are no potential conflicts here. ECF No. 21 at 14; ECF No. 23 at 8. The Court agrees.

### IV. CONCLUSION

Having considered the private and public interest factors, the Court finds that five of the factors are neutral and three favor transfer. The Court's conclusions for each factor are summarized in the following table:

| Factor | The Court's Finding |
|---|---|
| Relative ease of access to sources of proof | In Favor of Transfer |
| Cost of attendance for willing witnesses | Slightly In Favor of Transfer |
| Availability of compulsory process to secure the attendance of witnesses | Neutral |
| All other practical problems that make trial of a case easy, expeditious and inexpensive | Neutral |
| Administrative difficulties flowing from court congestion | Neutral |
| Local interest | Slightly In Favor of Transfer |
| Familiarity of the forum with law that will govern case | Neutral |
| Problems associated with conflict of law | Neutral |

**IT IS THEREFORE ORDERED** that Zoho's Motion for Intra-District Transfer pursuant to 28 U.S.C. § 1404(a) is **GRANTED** (ECF No. 21).

11

**IT IS FURTHER ORDERED** that the above-styled case be **TRANSFERRED** to the Austin Division of the Western District of Texas but remain on the docket of United States District Judge Alan D Albright.

**SIGNED** this 8th day of June, 2023.

_____
ALAN D ALBRIGHT
UNITED STATES DISTRICT JUDGE